\*\* E-filed on 7/13/05 \*\*

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>                    Defendants. | Case Number C 05-01524 JF<br><br>ORDER GRANTING MOTION TO DISMISS OF EVERGREEN DATA SYSTEMS, INC., BRUCE R. MCALLISTER, AND STEVEN J. DEMARTINI<br><br>[Docket No. 36] |

Defendants Evergreen Data Systems, Inc. ("Evergreen"), Bruce R. McAllister ("McAllister"), and Steven J. DeMartini ("DeMartini") move to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Federal Rule of Civil Procedure 9 for failure to plead fraud adequately. Plaintiff Synapsis, LLC ("Synapsis") opposes the motion. The Court has read the moving and responding papers and considered the oral arguments of counsel presented on June 10, 2005. For the reasons set forth below, the motion will be granted with leave to amend.

## I. BACKGROUND

Synapsis is an electronic forms and laser printing company. On September 21, 1992, Synapsis' predecessor entered into a "Sales Agent Agreement" with Evergreen, a business forms

distributor. Compl. ¶ 11 & Ex. 1. The Sales Agent Agreement appointed Evergreen as Synapsis' "non-exclusive selling representative in the Area and exclusive selling representative for parties listed on Schedule B to actively promote and solicit orders for the Manufacturer Products or any components thereof for the term of this Agreement." Compl., Ex. 1. Almost four years later, by letter dated April 11, 1996, Evergreen's president acknowledged to Synapsis the "intellectual property value" of the Synapsis products being marketed by Evergreen under Evergreen's name and agreed to use those products "solely within the limitations of the existing marketing agreements between Synapsis and Evergreen." Compl., Ex. 2. Evergreen further agreed not to use those products "without written permission from Synapsis, or knowingly in direct competition with Synapsis." *Id.* In 1998, "the ownership of Evergreen changed hands to [McAllister] and [DeMartini]." Compl. ¶ 12. Through early 1999, Synapsis and Evergreen "enjoyed a good, working relationship." *Id.* On May 10, 2000, Synapsis, McAllister, and Bruce Evans[1] ("Evans") entered into a "Mutual Non-Disclosure Agreement," which imposed certain restrictions on the recipients of "Confidential Information," as defined by the agreement, including that the "Recipient shall not use the Confidential Information for its own use or for any purpose except to evaluate whether it desires to enter into a business transaction with the Disclosing Party, or as necessary to carry out the terms of such business transaction." Compl., Ex. 3.

Synapsis alleges that, in late 2002, its "level of business was reduced by more than 60%." Compl. ¶ 13. McAllister and DeMartini are alleged to have stated falsely that the causes of Synapsis' reduction in business were the "bad times in the economy, 'dot-com' firms going out of business and the reluctance of businesses to spend monies on electronic forms." *Id.* However, Synapsis became suspicious that "something was amiss" when it received a phone call in late October 2002 on the phone line dedicated to Synapsis-Evergreen business from a customer for

---

[1] Synapsis does not include in its complaint allegations regarding the identity of Evans or his relationship to Synapsis and/or McAllister. This omission appears to be of no consequence, as Evans is not named as a defendant.

2

whom Synapsis had not created an order. *Id.* ¶ 14. Synapsis alleges that McAllister, DeMartini, and Evergreen in fact had "entered into other business relationships" in violation of the Sales Agent Agreement and were "secretly diverting business from [Synapsis] through an in house technical service center." *Id.* ¶ 13.

On January 10, 2005, Synapsis filed the instant action against Evergreen, McAllister, DeMartini, Ireland San Filippo, LLP ("ISF"), and "Does 1 through 10," alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), breach of contract, intentional and negligent interference with prospective economic advantage, fraud, trade libel and slander, and false advertising and seeking funds allegedly due from all Defendants except ISF. Evergreen, McAllister, and DeMartini now move to dismiss five of the claims, as discussed below.[2]

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Although the Court generally may not consider any material beyond the pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and part of the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. However, the Court "is not required to accept legal conclusions cast in the form

---

[2] ISF has filed a separate motion to dismiss, which currently is set for hearing on July 22, 2005.

Case No. C 05-01524 JF
ORDER GRANTING MOTION TO DISMISS OF EVERGREEN DATA SYSTEMS, INC., BRUCE R. MCALLISTER, AND STEVEN J. DEMARTINI
(JFEX1)

1  of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*.
2  at 754-55.  Motions to dismiss generally are viewed with disfavor under this liberal standard and
3  are granted rarely.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

## III.  DISCUSSION

### A.  RICO

Synapsis alleges that all Defendants except ISF have violated RICO.  The RICO statute provides, in pertinent part, that

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  A RICO claim must allege the separate identities of an enterprise and a person employed or associated with such enterprise.  *Chang v. Chen*, 80 F.3d 1293, 1299 (9th Cir. 1996).  However, Synapsis' allegations that "Defendants" have invested their income from specified "illegal operations to operate an enterprise engaged in interstate commerce," Compl. ¶ 20, that McAllister and DeMartini "have maintained an interest in or control of such an enterprise through a pattern of racketeering activity," *id.* ¶ 21, and that "Defendants are employed by or associated with such an enterprise," *id.* ¶ 22, fail to satisfy this pleading requirement.

In addition, Synapsis has failed to meet the heightened pleading requirements imposed by Federal Rule of Civil Procedure 9 ("Rule 9") with respect to its allegation of mail fraud.  Rule 9 requires fraud to be pled with particularity, *see* Fed. R. Civ. P. 9(b), and the Ninth Circuit has applied Rule 9 in RICO actions alleging mail fraud as the predicate act, *see* Lancaster Cmty. Hosp. v. Antelope Valley Hosp., 940 F.2d 397, 405 (9th Cir. 1991).  Synapsis alleges that "Defendants" committed mail fraud when they "fraudulently sold Plaintiff's trademarked technology . . . via either email [sic], the Internet, or express carriers which involved inter-state transactions."  Compl. ¶ 19.  However, Synapsis does not allege, for example, when and where the fraudulent sales occurred, to whom the sales were made, or how each Defendant was involved in the alleged mail fraud.  Because Synapsis has not alleged a separate enterprise or

4

Case No. C 05-01524 JF
ORDER GRANTING MOTION TO DISMISS OF EVERGREEN DATA SYSTEMS, INC., BRUCE R. MCALLISTER, AND STEVEN J. DEMARTINI
(JFEX1)

satisfied the pleading requirements of Rule 9, its RICO claim will be DISMISSED with leave to amend.

**B.     Breach of Contract**

Synapsis alleges that "all Defendants" breached (1) the Sales Agent Agreement between Synapsis and Evergreen, (2) the "confirmation letter" of April 11, 1996, from Evergreen's president to Synapsis, Compl. ¶ 11, and (3) the Mutual Non-Disclosure Agreement among Synapsis, McAllister, and Evans. Evergreen, McAllister, and DeMartini argue that Synapsis inappropriately has named all Defendants in the breach-of-contract claim, and they move for dismissal of McAllister and DeMartini from all claims involving breach of the Sales Agent Agreement and dismissal of Evergreen and DeMartini from all claims involving breach of the Mutual Non-Disclosure Agreement. Synapsis consents to dismissal of DeMartini from the breach-of-contract claim. *See* Opp'n at 10. Because McAllister was not a party to the Sales Agent Agreement and Evergreen was not a party to the Mutual Non-Disclosure Agreement, and Synapsis fails to allege any other claims upon which these non-parties can be liable for breach of contract, Defendants' motion will be GRANTED with leave to amend.

**C.     Interference with Prospective Economic Advantage**

As its complaint currently reads, Synapsis appears to allege that McAllister and DeMartini intentionally and negligently interfered with the "existing contractual relationship" between "Plaintiff and Defendants" through which "Defendants would market Plaintiff's electronic forms to Specific Installed Customer Bases" and, "[w]hen customers purchased the electronic forms, Plaintiff would personalize the forms to fit each customer's specific business requirements."[3] Compl. ¶¶ 38-39, 44-45. However, corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract under the doctrine of interference with prospective economic advantage. *Shoemaker v.*

---

[3] Synapsis argues that it has alleged interference with some prospective economic advantage separate from interference with the Sales Agent Agreement itself. However, this reading of the complaint is not supported by Synapsis' factual allegations, which focus on the contractual relationship between Synapsis and Evergreen.

5

Case No. C 05-01524 JF
ORDER GRANTING MOTION TO DISMISS OF EVERGREEN DATA SYSTEMS, INC., BRUCE R. MCALLISTER, AND STEVEN J. DEMARTINI
(JFEX1)

1  *Myers*, 801 P.2d 1054, 1068 (Cal. 1990). McAllister and DeMartini were Evergreen's corporate
2  agents for purposes of the Sales Agent Agreement between Synapsis and Evergreen and thus
3  cannot be held liable for interfering with the agreement by inducing its breach. Accordingly,
4  Synapsis' claims for both intentional and negligent interference with prospective economic
5  advantage will be DISMISSED with leave to amend.

**D.   Fraud**

Synapsis alleges that several actions on the part of "[a]ll Defendants" constitute fraud. First, Synapsis appears to allege that McAllister engaged in promissory fraud with respect to his representations in the Mutual Non-Disclosure Agreement that he would "hold all of Plaintiff's proprietary information, as defined by that agreement, as confidential and proprietary and would not disclose it to any person not authorized by Plaintiff." Compl. ¶ 48. Second, Synapsis appears to allege that "Defendants" engaged in promissory fraud with respect to written representations that they would "(i) hold Plaintiff's proprietary information in confidence, (ii) use Plaintiff's services exclusively for all sales involving Oracle financial software applications and other Specific Installed Customer Bases, and (iii) use Plaintiff's services exclusively for all sales falling within the exclusive parameters of the contract." *Id.* ¶ 49. A claim of promissory fraud must be based on a promise that is made without any intention of performing it at the time it is made. *Muraoka v. Budget Rent-A-Car, Inc.*, 206 Cal. Rptr. 476, 481 (Ct. App. 1984). Synapsis has failed to allege that Defendants had no intention of fulfilling these promises at the time they were made. Synapsis' broad allegations that "[t]he representations were false and at the time that they were made, each defendant making the representation was aware of their falsity," Compl. ¶ 51, appear, based on the sentences immediately following them, to refer only to the third category of Synapsis' allegations of fraud, *see infra*. Accordingly, the apparent claims for promissory fraud will be DISMISSED with leave to amend.

Third, Synapsis alleges that, from 2001 to the present, McAllister and DeMartini falsely represented to Synapsis, orally and in writing, "that the drop in sales was due to the economy and other factors external to Defendants' business operations, and that Defendants were complying

6

Case No. C 05-01524 JF
ORDER GRANTING MOTION TO DISMISS OF EVERGREEN DATA SYSTEMS, INC., BRUCE R. MCALLISTER, AND STEVEN J. DEMARTINI
(JFEX1)

1  with all of their contractual obligations." Compl. ¶ 50.  Defendants argue that Synapsis has
2  failed to allege injury or damage from these representations and that Synapsis also has failed to
3  satisfy the heightened pleading requirements of Rule 9.  Synapsis adequately has alleged damage
4  through its allegations that "Defendants" were concealing from Synapsis that they had "begun to
5  do business with a competitor of Plaintiff in violation of the contractual obligations owed to
6  Plaintiff" and that they engaged in unauthorized use of Synapsis' proprietary technology
7  "specifically to replace Plaintiff, lower the cost of goods sold and increase the profits of
8  Defendants." *Id.* ¶ 51.  The clear implication of these allegations is that, had McAllister and
9  DeMartini not made the allegedly fraudulent representations, Synapsis would not have relied on
10 the assurances to its detriment.  Synapsis has failed to satisfy the heightened pleading
11 requirements of Rule 9 for allegations of fraud.  Although Synapsis has alleged that McAllister
12 and DeMartini made fraudulent statements, it has failed to allege with particularity when in the
13 period from 2001 to the present the statements were made, which statements were made in
14 writing and which were made orally, and to whom the statements were made.  Accordingly, this
15 claim for fraud also will be DISMISSED with leave to amend.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss of Evergreen, McAllister, and DeMartini is GRANTED with leave to amend.

DATED: July 13, 2005

/s/ (electronic signature authorized)
JEREMY FOGEL
United States District Judge

7

Case No. C 05-01524 JF
ORDER GRANTING MOTION TO DISMISS OF EVERGREEN DATA SYSTEMS, INC., BRUCE R. MCALLISTER, AND STEVEN J. DEMARTINI
(JFEX1)

This Order has been served upon the following persons:

Patricia L. Bonheyo
trish.bonheyo@lw.com

Daniel C. DeCarlo
decarlo@lbbslaw.com

Manuel Albert Martinez
MMartinez@steinlubin.com, msaephan@steinlubin.com

Michael Navid Radparvar
radparvar@lbbslaw.com

Jeffrey F. Sax
jsax@sswesq.com

Shawn A. Toliver
toliver@lbbslaw.com, nebreda@lbbslaw.com

H Joseph Nourmand
H Joseph Nourmand Law Offices
660 S. Figueroa Street
24th Floor
Los Angeles, CA 90017

Case No. C 05-01524 JF
ORDER GRANTING MOTION TO DISMISS OF EVERGREEN DATA SYSTEMS, INC., BRUCE R. MCALLISTER, AND STEVEN J. DEMARTINI
(JFEX1)