1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANIEL C. DECARLO, SB# 160307
2 | JONATHAN PINK, SB # 179685
221 North Figueroa Street, Suite 1200
3 | Los Angeles, California 90012
Telephone: (213) 250-1800
4 | Facsimile: (213) 250-7900
Email:    decarlo@lbbslaw.com
5 | Email:    pink@lbbslaw.com

6 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
7 | SHAWN A. TOLIVER, SB# 148349
One Sansome Street, Suite 1400
8 | San Francisco, California 94104
9 | Telephone: (415) 362-2580
Facsimile: (415) 434-0882
10 | Email: toliver@lbbslaw.com

11

12 | Attorneys for Defendants EVERGREEN DATA SYSTEMS, INC.,
BRUCE R. MCALLISTER and STEVEN J. DEMARTINI

13

14 | UNITED STATES DISTRICT COURT

15 | NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

16 | SYNAPSIS, LLC, a Nevada Limited ) CASE NO. CV05-01524 JF
17 | Liability Company, )
)
18 |              Plaintiff,          ) Action filed: January 10, 2005
)
19 |        v.                        ) STIPULATED PROTECTIVE ORDER
)
20 | EVERGREEN DATA SYSTEMS, INC., )
a California Corporation, BRUCE R. )
21 | MCALLISTER, an individual, STEVEN )
J. DEMARTINI, an individual, )
22 | IRELAND SAN FILIPPO, LLP, a )
California limited liability partnership, )
23 | and DOES 1 through 10, inclusive, )
)
24 |              Defendants.          )
_____ )
25

26

27 | 1.    PURPOSES AND LIMITATIONS

28 | Disclosure and discovery activity in this action are likely to involve production

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

FILED
NOV 17 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  of confidential, proprietary, or private information for which special protection from

2  public disclosure and from use for any purpose other than prosecuting this litigation

3  would be warranted. Accordingly, the parties hereby stipulate to and petition the

4  court to enter the following Stipulated Protective Order. The parties acknowledge

5  that this Order does not confer blanket protections on all disclosures or responses to

6  discovery and that the protection it affords extends only to the limited information or

7  items that are entitled under the applicable legal principles to treatment as

8  confidential. The parties further acknowledge, as set forth in Section 10, below, that

9  this Stipulated Protective Order creates no entitlement to file confidential

10  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

11  followed and reflects the standards that will be applied when a party seeks

12  permission from the court to file material under seal.

13      2.     DEFINITIONS

14          2.1    Party: any party to this action, including all of its officers,

15  directors, employees, consultants, retained experts, and outside counsel (and their

16  support staff).

17          2.2    Disclosure or Discovery Material: all items or information,

18  regardless of the medium or manner generated, stored, or maintained (including,

19  among other things, testimony, transcripts, or tangible things) that are produced or

20  generated in disclosures or responses to discovery in this matter.

21          2.3    "Confidential" Information or Items: information (regardless of

22  how generated, stored or maintained) or tangible things that qualify for protection

23  under standards developed under F.R.Civ.P. 26(c).

24          2.4    "Highly Confidential – Attorneys' Eyes Only" Information or

25  Items:  extremely sensitive "Confidential Information or Items" whose disclosure to

26  another Party or nonparty would create a substantial risk of serious injury that could

27  not be avoided by less restrictive means.

28          2.5    Receiving Party: a Party that receives Disclosure or Discovery

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  Material from a Producing Party.

2          2.6    Producing Party: a Party or non-party that produces Disclosure or

3  Discovery Material in this action.

4          2.7.   Designating Party: a Party or non-party that designates

5  information or items that it produces in disclosures or in responses to discovery as

6  "Confidential" or "Highly Confidential— Attorneys' Eyes Only."

7          2.8    Protected Material: any Disclosure or Discovery Material that is

8  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

9          2.9.   Outside Counsel: attorneys who are not employees of a Party but

10  who are retained to represent or advise a Party in this action.

11          2.10   House Counsel: attorneys who are employees of a Party.

12          2.11   Counsel (without qualifier): Outside Counsel and House Counsel

13  (as well as their support staffs).

14          2.12   Expert: a person with specialized knowledge or experience in a

15  matter pertinent to the litigation who has been retained by a Party or its counsel to

16  serve as an expert witness or as a consultant in this action and who is not a past or a

17  current employee of a Party or of a competitor of a Party's and who, at the time of

18  retention, is not anticipated to become an employee of a Party or a competitor of a

19  Party's. This definition includes a professional jury or trial consultant retained in

20  connection with this litigation.

21          2.13   Professional Vendors: persons or entities that provide litigation

22  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

23  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

24  their employees and subcontractors.

25     3.     SCOPE

26          The protections conferred by this Stipulation and Order cover not only

27  Protected Material (as defined above), but also any information copied or extracted

28  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1 testimony, conversations, or presentations by parties or counsel to or in court or in

2 other settings that might reveal Protected Material.

3    4.    DURATION

4    Even after the termination of this litigation, the confidentiality obligations

5 imposed by this Order shall remain in effect until a Designating Party agrees

6 otherwise in writing or a court order otherwise directs.

7    5.    DESIGNATING PROTECTED MATERIAL

8    5.1    Exercise of Restraint and Care in Designating Material for

9 Protection. Each Party or non-party that designates information or items for

10 protection under this Order must take care to limit any such designation to specific

11 material that qualifies under the appropriate standards. A Designating Party must

12 take care to designate for protection only those parts of material, documents, items,

13 or oral or written communications that qualify – so that other portions of the

14 material, documents, items, or communications for which protection is not warranted

15 are not swept unjustifiably within the ambit of this Order.

16    Mass, indiscriminate, or routinized designations are prohibited.

17 Designations that are shown to be clearly unjustified, or that have been made for an

18 improper purpose (e.g., to unnecessarily encumber or retard the case development

19 process, or to impose unnecessary expenses and burdens on other parties), expose the

20 Designating Party to sanctions.

21    If it comes to a Party's or a non-party's attention that information or

22 items that it designated for protection do not qualify for protection at all, or do not

23 qualify for the level of protection initially asserted, that Party or non-party must

24 promptly notify all other parties that it is withdrawing the mistaken designation.

25    5.2    Manner and Timing of Designations. Except as otherwise

26 provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

27 otherwise stipulated or ordered, material that qualifies for protection under this Order

28 must be clearly so designated before the material is disclosed or produced.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1            Designation in conformity with this Order requires:

2                 (a) <u>for information in documentary form</u> (apart from transcripts of

3  depositions or other pretrial or trial proceedings), that the Producing Party affix the

4  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5  ONLY" at the top of each page that contains protected material. If only a portion or

6  portions of the material on a page qualifies for protection, the Producing Party also

7  must clearly identify the protected portion(s) (e.g., by making appropriate markings

8  in the margins) and must specify, for each portion, the level of protection being

9  asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10 ATTORNEYS' EYES ONLY").

11            A Party or non-party that makes original documents or materials

12 available for inspection need not designate them for protection until after the

13 inspecting Party has indicated which material it would like copied and produced.

14 During the inspection and before the designation, all of the material made available

15 for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16 ONLY." After the inspecting Party has identified the documents it wants copied and

17 produced, the Producing Party must determine which documents, or portions thereof,

18 qualify for protection under this Order, then, before producing the specified

19 documents, the Producing Party must affix the appropriate legend

20 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21 ONLY") at the top of each page that contains Protected Material. If only a portion or

22 portions of the material on a page qualifies for protection, the Producing Party also

23 must clearly identify the protected portion(s) (e.g., by making appropriate markings

24 in the margins) and must specify, for each portion, the level of protection being

25 asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26 ATTORNEYS' EYES ONLY").

27              (b) <u>for testimony given in deposition or in other pretrial or trial</u>

28 <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   on the record, before the close of the deposition, hearing, or other proceeding, all

2   protected testimony, and further specify any portions of the testimony that qualify as

3   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is

4   impractical to identify separately each portion of testimony that is entitled to

5   protection, and when it appears that substantial portions of the testimony may qualify

6   for protection, the Party or non-party that sponsors, offers, or gives the testimony

7   may invoke on the record (before the deposition or proceeding is concluded) a right

8   to have up to 20 days to identify the specific portions of the testimony as to which

9   protection is sought and to specify the level of protection being asserted

10  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY"). Only those portions of the testimony that are appropriately designated for

12  protection within the 20 days shall be covered by the provisions of this Stipulated

13  Protective Order.

14          Transcript pages containing Protected Material must be separately

15  bound by the court reporter, who must affix to the top of each such page the legend

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

18  presenting the testimony.

19          (c) for information produced in some form other than

20  documentary, and for any other tangible items, that the Producing Party affix in a

21  prominent place on the exterior of the container or containers in which the

22  information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

24  information or item warrant protection, the Producing Party, to the extent practicable,

25  shall identify the protected portions, specifying whether they qualify as

26  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

27          5.3     Inadvertent Failures to Designate. If timely corrected, an

28  inadvertent failure to designate qualified information or items as "Confidential" or

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

2  Designating Party's right to secure protection under this Order for such material. If

3  material is appropriately designated as "Confidential" or "Highly Confidential –

4  Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

5  on timely notification of the designation, must make reasonable efforts to assure that

6  the material is treated in accordance with the provisions of this Order.

7      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8          6.1    Timing of Challenges. Unless a prompt challenge to a

9  Designating Party's confidentiality designation is necessary to avoid foreseeable

10  substantial unfairness, unnecessary economic burdens, or a later significant

11  disruption or delay of the litigation, a Party does not waive its right to challenge a

12  confidentiality designation by electing not to mount a challenge promptly after the

13  original designation is disclosed.

14          6.2    Meet and Confer. A Party that elects to initiate a challenge to a

15  Designating Party's confidentiality designation must do so in good faith and must

16  begin the process by conferring directly (in voice to voice dialogue; other forms of

17  communication are not sufficient) with counsel for the Designating Party. In

18  conferring, the challenging Party must explain the basis for its belief that the

19  confidentiality designation was not proper and must give the Designating Party an

20  opportunity to review the designated material, to reconsider the circumstances, and,

21  if no change in designation is offered, to explain the basis for the chosen designation.

22  A challenging Party may proceed to the next stage of the challenge process only if it

23  has engaged in this meet and confer process first.

24          6.3    Judicial Intervention. A Party that elects to press a challenge to a

25  confidentiality designation after considering the justification offered by the

26  Designating Party may file and serve a  motion under Civil Local Rule 7 (and in

27  compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

28  material and sets forth in detail the basis for the challenge. Each such motion must be

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   accompanied by a competent declaration that affirms that the movant has complied

2   with the meet and confer requirements imposed in the preceding paragraph and that

3   sets forth with specificity the justification for the confidentiality designation that was

4   given by the Designating Party in the meet and confer dialogue.  The burden of

5   persuasion in any such challenge proceeding shall be on the Designating Party. Until

6   the court rules on the challenge, all parties shall continue to afford the material in

7   question the level of protection to which it is entitled under the Producing Party's

8   designation.

9       7.      ACCESS TO AND USE OF PROTECTED MATERIAL

10          7.1      Basic Principles. A Receiving Party may use Protected Material

11   that is disclosed or produced by another Party or by a non-party in connection with

12   this case only for prosecuting, defending, or attempting to settle this litigation. Such

13   Protected Material may be disclosed only to the categories of persons and under the

14   conditions described in this Order. When the litigation has been terminated, a

15   Receiving Party must comply with the provisions of section 11, below (FINAL

16   DISPOSITION).

17          Protected Material must be stored and maintained by a Receiving

18   Party at a location and in a secure manner that ensures that access is limited to the

19   persons authorized under this Order.

20          7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless

21   otherwise ordered by the court or permitted in writing by the Designating Party, a

22   Receiving Party may disclose any information or item designated CONFIDENTIAL

23   only to:

24          (a) the Receiving Party's Outside Counsel of record in this action,

25   as well as employees of said Counsel to whom it is reasonably necessary to disclose

26   the information for this litigation and who have signed the "Agreement to Be Bound

27   by Protective Order" that is attached hereto as Exhibit A;

28          (b) the officers, directors, and employees (including House

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

2    litigation and who have signed the "Agreement to Be Bound by Protective Order"

3    (Exhibit A);

4              (c) experts (as defined in this Order) of the Receiving Party to

5    whom disclosure is reasonably necessary for this litigation and who have signed the

6    "Agreement to Be Bound by Protective Order" (Exhibit A);

7              (d) the Court and its personnel;

8              (e) court reporters, their staffs, and professional vendors to whom

9    disclosure is reasonably necessary for this litigation and who have signed the

10   "Agreement to Be Bound by Protective Order" (Exhibit A);

11             (f) during their depositions, witnesses in the action to whom

12   disclosure is reasonably necessary and who have signed the "Agreement to Be Bound

13   by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or

14   exhibits to depositions that reveal Protected Material must be separately bound by

15   the court reporter and may not be disclosed to anyone except as permitted under this

16   Stipulated Protective Order.

17             (g) the author of the document or the original source of the

18   information.

19        7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY" Information or Items. Unless otherwise ordered by the court or

21   permitted in writing by the Designating Party, a Receiving Party may disclose any

22   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

23   EYES ONLY" only to:

24             (a) the Receiving Party's Outside Counsel of record in this action,

25   as well as employees of said Counsel to whom it is reasonably necessary to disclose

26   the information for this litigation and who have signed the "Agreement to Be Bound

27   by Protective Order" that is attached hereto as Exhibit A;

28             (b) Experts (as defined in this Order) (1) to whom disclosure is

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  reasonably necessary for this litigation, and (2) who have signed the "Agreement to

2  Be Bound by Protective Order" (Exhibit A);

3         (c) the Court and its personnel;

4         (d) court reporters, their staffs, and professional vendors to whom

5  disclosure is reasonably necessary for this litigation and who have signed the

6  "Agreement to Be Bound by Protective Order" (Exhibit A); and

7         (e) the author of the document or the original source of the

8  information.

9      8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

10  PRODUCED IN OTHER LITIGATION.

11      If a Receiving Party is served with a subpoena or an order issued in other

12  litigation that would compel disclosure of any information or items designated in this

13  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

15  (by fax, if possible) immediately and in no event more than three court days after

16  receiving the subpoena or order. Such notification must include a copy of the

17  subpoena or court order.

18      The Receiving Party also must immediately inform in writing the Party who

19  caused the subpoena or order to issue in the other litigation that some or all the

20  material covered by the subpoena or order is the subject of this Protective Order. In

21  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

22  promptly to the Party in the other action that caused the subpoena or order to issue.

23      The purpose of imposing these duties is to alert the interested parties to the

24  existence of this Protective Order and to afford the Designating Party in this case an

25  opportunity to try to protect its confidentiality interests in the court from which the

26  subpoena or order issued. The Designating Party shall bear the burdens and the

27  expenses of seeking protection in that court of its confidential material – and nothing

28  in these provisions should be construed as authorizing or encouraging a Receiving

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4826-0315-4176.1

1  Party in this action to disobey a lawful directive from another court.

2         9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3        If a Receiving Party learns that, by inadvertence or otherwise, it has

4  disclosed Protected Material to any person or in any circumstance not authorized

5  under this Stipulated Protective Order, the Receiving Party must immediately (a)

6  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

7  best efforts to retrieve all copies of the Protected Material, (c) inform the person or

8  persons to whom unauthorized disclosures were made of all the terms of this Order,

9  and (d) request such person or persons to execute the "Acknowledgment and

10  Agreement to Be Bound" that is attached hereto as Exhibit A.

11        10.    FILING PROTECTED MATERIAL.  Without written permission from

12  the Designating Party or a court order secured after appropriate notice to all

13  interested persons, a Party may not file in the public record in this action any

14  Protected Material. A Party that seeks to file under seal any Protected Material must

15  comply with Civil Local Rule 79-5.

16        11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing

17  by the Producing Party, within sixty days after the final termination of this action,

18  each Receiving Party must return all Protected Material to the Producing Party. As

19  used in this subdivision, "all Protected Material" includes all copies, abstracts,

20  compilations, summaries or any other form of reproducing or capturing any of the

21  Protected Material. With permission in writing from the Designating Party, the

22  Receiving Party may destroy some or all of the Protected Material instead of

23  returning it. Whether the Protected Material is returned or destroyed, the Receiving

24  Party must submit a written certification to the Producing Party (and, if not the same

25  person or entity, to the Designating Party) by the sixty day deadline that identifies

26  (by category, where appropriate) all the Protected Material that was returned or

27  destroyed and that affirms that the Receiving Party has not retained any copies,

28  abstracts, compilations, summaries or other forms of reproducing or capturing any of

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4826-0315-4176.1

1  the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

2  an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

3  correspondence, and all material protected by the attorney-client privilege and

4  attorney work product doctrine, even if such materials contain Protected Material.

5  Any such archival copies that contain or constitute Protected Material remain subject

6  to this Protective Order as set forth in Section 4 (DURATION), above.

7      12.    MISCELLANEOUS

8          12.1   Right to Further Relief. Nothing in this Order abridges the right

9  of any person to seek its modification by the Court in the future.

10          12.2   Right to Assert Other Objections. By stipulating to the entry of

11  this Protective Order no Party waives any right it otherwise would have to object to

12  disclosing or producing any information or item on any ground not addressed in this

13  Stipulated Protective Order. Similarly, no Party waives any right to object on any

14  ground to use in evidence of any of the material covered by this Protective Order.

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16  *NOVEMBER 10*

17  DATED: ~~October~~ , 2005      LEWIS BRISBOIS BISGAARD & SMITH LLP

18

19

20  By /S/
    Daniel C. DeCarlo

21  Jonathan S. Pink
    Members of Lewis Brisbois Bisgaard & Smith LLP

22  Attorneys for Defendants EVERGREEN DATA
    SYSTEMS, INC., BRUCE R. MCALLISTER and

23  *NOVEMBER 8*      STEVEN J. DEMARTINI

24  DATED: ~~October~~ , 2005      LAW OFFICES OF JEFFREY F. SAX

25

26  By /S/
    Jeffrey F. Sax

27  Member of Law Office of Jeffrey F. Sax,
    Attorneys for Plaintiff Synapsis, LLC

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

*NOVEMBER 14*

1   DATED: October __, 2005       STEIN & LUBIN

2

3                                 By /s/
                                  _____
4                                 Manuel A. Martinez
                                  Patricia L. Boneheyo
5                                 Members of Stein & Lubin
                                  Attorneys for Co-Defendant Ireland San Filippo
6
    DATED:  October __, 2005      LAW OFFICES OF H. JOSEPH NOURMAND
7

8                                 By /s/
                                  _____
9                                 H. Joseph Nourmand
                                  Member of Law Offices of H. Joseph Nourmand
10                                Attorneys for Plaintiff Synapsis, LLC

11

12

13        PURSUANT TO STIPULATION, IT IS SO ORDER:

14  Dated: ___11/17/___, 2005     _____
                                  United States District/Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4826-0315-4176.1                  -13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Northern District of California

on [date] in the case of _____ [insert formal name of the case and the number

and initials assigned to it by the court]. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

4826-0315-4176.1

-14-