**E-filed on 6/20/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>　　　　　Defendants. | Case Number C 05-01524 JF (RS)<br><br>ORDER[1] CONTINUING HEARING ON ISF'S MOTION FOR SUMMARY JUDGMENT |

On January 10, 2005, Plaintiff Synapsis, LLC ("Synapsis") filed the original complaint in the instant action against Defendants Evergreen Data Systems, Inc. ("Evergreen"), Bruce R. McAllister ("McAllister"), Steven J. DeMartini ("DeMartini"), Ireland San Filippo, LLP ("ISF"), and Does 1 through 10. On July 13, 2005, this Court issued an order granting the motion of Defendants Evergreen, McAllister, and DeMartini to dismiss Synapsis's first five claims with leave to amend. On August 10, 2005, Synapsis filed a first amended complaint, alleging six claims for relief, only one of which—breach of contract—was asserted against ISF. On January 9, 2006, this Court issued an order granting the motion of ISF to dismiss Synapsis's claim for

---

[1] This disposition is not designated for publication and may not be cited.

breach of contract with leave to amend, and granting in part and denying in part the motion to dismiss of Evergreen, McAllister, and DeMartini. On March 8, 2006, Synapsis filed a second amended complaint. On May 18, 2006, ISF filed a motion for summary judgment, presently scheduled for hearing on June 23, 2006. Synapsis's opposition to ISF's motion for summary judgment includes a request to deny the motion as premature, pursuant to Federal Rule of Civil Procedure 56(f), and continue the hearing on the motion for one-hundred and fifty (150) days.

Pursuant to Rule 56(f), a party may request that the hearing on a motion for summary judgment be continued so as to allow that party to conduct further discovery. Fed. R. Civ. P. 56(f). That party must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The movant additionally must show that he or she has been diligent in conducting discovery. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996).

Synapsis argues that a continuance is required because it has neither received all of the documents that it has requested nor deposed "the people with personal knowledge of the events from the defense side." Opp. p. 3. Counsel for Synapsis submitted a declaration in which he states that "[i]n late 2005, the parties had a series of discussions concerning the timing and conduct of discovery . . . . Among the agreements that were made at that time, was that documents would be exchanged prior to the conduct of the depositions. This made sense since voluminous documentation was anticipated and it needed to be studied to properly prepare for, and conduct a deposition. In the status report filed with the court, there is a statement in substance which states that ideally, the documents should be exchanged before the depositions occur." Declaration of Jeffrey F. Sax in Opposition to Motion by Ireland San Filippo, LLP for Summary Judgment, ¶ 2. He explains further that, "[h]onoring the spirit of this agreement, I have not yet noticed any depositions because as of the filing of the summary judgment motion by ISF, I had not received their documents. As to Evergreen, most of their documents had not been produced. Their counsel told me that 40,000 documents were available; however, they have not

been provided." *Id*. ¶ 4.

ISF opposes the request for a continuance. First, ISF argues that Synapsis has not identified the specific facts sought, that these facts exist, or that they are essential to resist ISF's motion for summary judgment. It further argues that Synapsis's failure is attributable to the absence of any such facts. Second, ISF argues that Synapsis has not represented accurately the parties' agreement and conduct during discovery. On September 9, 2005, counsel for Synapsis e-mailed a proposed Rule 26(f) Joint Statement to defense counsel, which stated: "the parties do agree that whatever document gathering process is necessary occur prior to the conduct of depositions." Supp. Martinez Dec., ¶ 3, Ex. A. On the same date, counsel for Evergreen, McAllister, and DeMartini responded by e-mail: "I'm not prepared to commit that deposition will not start before documents are produced, just that ideally that should be the way it works. There may be instances, where depositions are necessary before that point." *Id*., ¶ 4, Ex. B. On September 12, 2005, the parties submitted a Rule 26(f) Conference and Joint Report in which they state: "In any event, the parties do agree that ideally, documents should be produced before depositions begin." C 05-01524 JF (RS), Docket No. 66, p. 7.

On April 18, 2006, counsel for ISF sent an e-mail to Synapsis's counsel indicating ISF's intention to file a motion for summary judgment. Supp. Martinez Dec., ¶ 5, Ex. C. The following day, Synapsis served a document request on ISF. *Id*, Ex. D. ISF's counsel has stated that he has not received any other discovery requests from Synapsis in the instant action. On May 5, 2006, counsel for ISF sent an e-mail to Synapsis's counsel stating that it would have Robert Lee[2] available for deposition. *Id*., Ex. E. ISF's counsel further stated: "If we are unable to provide discovery in time for you to review it and use it to oppose our SJ motion, I will calendar our motion for a later date." *Id*. Synapsis's counsel did ask to depose Robert Lee. *Id*. On May 18, 2006, ISF filed its motion for summary judgment, and served its written responses to Synapsis's request for production of documents the following day. *Id*. ¶ 8.

---

[2] Robert Lee is the managing partner of ISF. Declaration of Robert A. Lee in Support of Ireland San Filippo LLP's Motion for Summary Judgment.

1    The parties' most recent joint case management statement, filed on April 24, 2006, states
2 that the parties previously agreed to a discovery cut-off date of May 31, 2006. The Evergreen
3 defendants "believe[d] that these dates may need to change in light of Plaintiff's failure to
4 comply with its discovery obligations" and Synapsis's position was that the schedule needed
5 substantial revision, with discovery cut-off no earlier than October 31, 2006. C 05-01524 JF
6 (RS), Docket No. 96, p. 12.

7    While Synapsis's request for a continuance pursuant to Rule 56(f) is not a model of
8 thoroughness, the Court concludes that continuing the hearing on ISF's motion for summary
9 judgment is appropriate. In cases cited by ISF, the party requesting the continuance made very
10 little, if any, showing of why a Rule 56(f) continuance was justified. In *Campbell*, the court
11 noted that "the defendants only *implicitly* moved for more time to conduct discovery."
12 *Campbell*, 138 F.3d at 779. In *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991), "denial of
13 Terrell's Rule 56(f) request was proper because Terrell failed to show the existence of additional
14 essential and discoverable evidence." Although Synapsis has not identified specific facts that it
15 seeks to discover, it is significant that no depositions have yet been conducted. Additionally, ISF
16 filed its motion for summary judgment prior to the close of discovery and only somewhat more
17 than two months after Synapsis filed the operative pleading. Because summary judgment is a
18 drastic measure, the Court concludes that it is not appropriate to adjudicate the merits of ISF's
19 motion for summary judgment while there remains a question as to whether the parties have had
20 an adequate opportunity for discovery, and, if not, why not. Accordingly, the Court will grant
21 Synapsis's request to continue the hearing on ISF's motion for summary judgment. However, as
22 argued by ISF, at least some of the delay in undertaking discovery is attributable to Synapsis.
23 Accordingly, the Court will continue the hearing for seventy-five (75) days, rather than the one-
24 hundred and fifty (150) days sought by Synapsis. Barring extreme and unforeseen circumstances,
25 or a stipulation by both parties, the Court will not grant a further continuance of this motion. If
26 the parties are unable to resolve discovery disputes during this period, the parties shall seek
27 resolution from Magistrate Judge Seeborg. The June 23, 2006 hearing date shall be vacated and
28 reset for September 8, 2006 at 9:00 a.m. After additional discovery has been conducted, ISF

shall file a second memorandum in support of its motion for summary judgment and the parties shall file additional briefing in accordance with the local rules.

IT IS SO ORDERED.

DATED: June 20, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-01524 JF (RS)
ORDER  CONTINUING HEARING ON ISF'S MOTION FOR SUMMARY JUDGMENT
(JFLC1)

1  This Order has been served upon the following persons:

2  Daniel C. DeCarlo          decarlo@lbbslaw.com, kkim@lbbslaw.com; pink@lbbslaw.com;
                              creyes@lbbslaw.com
3

4  Manuel Albert Martinez     MMartinez@steinlubin.com, msaephan@steinlubin.com

   Jonathan S. Pink           pink@lbbslaw.com, creyes@lbbslaw.com
5
   Michael Navid Radparvar    radparvar@lbbslaw.com,
6
   Jeffrey F. Sax             jsax@sswesq.com
7

8  H Joseph Nourmand
   H Joseph Nourmand Law Offices
9  660 S. Figueroa Street
   24th Floor
10 Los Angeles, CA 90017

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. C 05-01524 JF (RS)
ORDER CONTINUING HEARING ON ISF'S MOTION FOR SUMMARY JUDGMENT
(JFLC1)