**United States District Court**
For the Northern District of California

**\*E-FILED 7/21/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYNAPSIS, LLC,

        Plaintiff,

  v.

EVERGREEN DATA SYSTEMS, INC. ET AL.,

        Defendants.

_____/

NO. C 05-1524 JF

**ORDER GRANTING MOTION
TO COMPEL AND DENYING
REQUEST FOR SANCTIONS**

## I.  INTRODUCTION

Before the Court is the motion of Defendant Evergreen Data Systems, Inc. to compel plaintiff Synapsis, LLC to provide further responses to interrogatories and requests for production of documents.[1] The motion was fully briefed and heard by the Court on June 28, 2006. Based on all papers filed to date, as well as on the argument of counsel, the Court grants the motion to compel as specified below, and denies the request for sanctions.

## II.  BACKGROUND

Synapsis and Evergreen formerly had a business relationship under which Evergreen acted as a sales agent for Synapsis's products.  The relationship deteriorated, and Synapsis brought this action alleging breach of contract and associated tort claims.

---

[1]  Defendant Steven J. DeMartini has advised the Court that his companion motion to compel is withdrawn, pursuant to an agreement reached between the parties.

1

United States District Court

For the Northern District of California

1    III.  STANDARDS

2    Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

3    [p]arties may obtain discovery regarding any matter, not privileged,
     that is relevant to the claim or defense of any party . . . For good cause,
4    the court may order discovery of any matter relevant to the subject matter
     involved in the action.  Relevant information need not be admissible at the
5    trial if the discovery appears reasonably calculated to lead to the
     discovery of admissible evidence.
6

7    Evidence is relevant if it has "any tendency to make the existence of any fact that is of

8    consequence to the determination of the action more probable or less probable than it would be

9    without the evidence."  Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court

10   for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or

11   undue burden or expense." Fed. R. Civ. P. 26 (c)).

12   Discovery requests for documents and tangible things are governed by Rule 34 of the Federal

13   Rules of Civil Procedure.  The rule in relevant part states that,

14   Any party may serve on any other party a request to produce and permit the party
     making the request, or someone acting on the requestor's behalf, to inspect and copy,
15   any designated documents (including writings, drawings, graphs, charts, photographs,
     phonorecords, and other data compilations from which information can be obtained,
16   translated, if necessary, by the respondent through detection devices into reasonably
     usable form), or to inspect and copy, test, or sample any tangible things which
17   constitute or contain matters within the scope of and which are in the possession,
     custody or control of the party upon whom the request is served.
18

19   Fed. R. Civ. P. 34(a).  Motions to compel are authorized by Rule 37 of the Federal Rules of Civil

20   Procedure.   Fed. R. Civ. P. 37(a)(2)(B).

21   IV.  DISCUSSION

22   A.  Interrogatories 2, 3, 8, 9, 12, 13 & 17

23   Each of these interrogatories request Synapsis to "state all facts" in support of various

24   allegations made in the complaint.   Most of Synapsis's responses begin with the phrase, "On

25   information," and the parties' briefing focuses largely on whether it was proper for Synapsis to use

26   that phrase.  Making an allegation on "information and belief" is a practice that has arisen in the

27   context of pleadings, for the purpose of affording the pleader a measure of protection against

28   malicious prosecution claims or Rule 11 sanctions, should he or she ultimately be unable to prove

2

United States District Court
For the Northern District of California

1    the allegation.  In the context of these interrogatories, use of the phrase serves no purpose, but

2    neither is it the primary reason these responses are deficient.   These interrogatories require

3    Synapsis to make a reasonable and good faith effort to state all the facts presently in its possession

4    as to each of the topics.  If Synapsis "believes" a certain fact to be true, but is concerned that it does

5    not currently possess documents or other evidence sufficient to prove that fact, it may so state, but

6    it should also state the *factual basis* of its belief.  Thus, if Synapsis means "information and belief"

7    in a literal sense, it should supply *all* the facts:  what was it  informed? by whom? when?

8          Synapsis's present responses are phrased in broad, non-specific generalities that add almost

9    no meaningful information regarding the factual basis of Synapsis's allegations.  Synapsis contends

10   that most of the "hard data" is contained in documents that are in Evergreen's possession, but even

11   without "hard data," Synapsis could and should have made a more diligent effort to provide

12   responses as concrete and detailed as the information in its possession allowed.

13   In its opposition, Synapsis offers to provide supplementary responses, in light of its review of

14   documents produced by Evergreen.  It is hereby ordered to do so.

15

16   B. Interrogatories 4 & 16

17         These interrogatories request Synapsis to identify the intellectual property it contends it

18   owns, as referred to in the complaint.  Synapsis responded by specifically identifying certain

19   trademarks, but then stated additionally that it "owns copyrights pertaining to the implementation of

20   solutions provided to Oracle customers."   Synapsis argues both that it has fully responded to these

21   interrogatories and that it should not have been forced to respond at all, because "[t]his is not an

22   'intellectual property' case, per se."   In view of the allegations of the complaint, however, these

23   interrogatories are proper, and Synapsis must identify the intellectual property it contends it owns,

24   regardless of the fact that the complaint sounds primarily in contract.

25         The present responses are insufficient in that they fail to identify what work or works

26   Synapsis contends are copyrighted.  Synapsis shall serve further responses that identify with

27   specificity any work in which it claims copyright protection.

28

3

United States District Court
For the Northern District of California

1    C. Interrogatories 6, 7, 10

2           Like the interrogatories discussed in paragraph A above, these interrogatories also request

3    Synapsis to "state all facts" in support of certain of its allegations.  Synapsis's responses do

4    nothing more than rephrase the interrogatories into statement form.   Synapsis again offers to

5    provide supplementary responses, in light of its review of documents produced by Evergreen.  It is

6    hereby ordered to do so.

7

8    D.  Interrogatory 5

9           This interrogatory asks Synapsis to state all facts supporting its allegations in the complaint

10   that its work includes  "trade secrets" and to identify those trade secrets, in the manner

11   contemplated by California Code of Civil Procedure § 2019.  Synapsis provided no meaningful

12   response, and contends that it cannot identify its trade secrets without thereby divulging the secrets

13   and losing legal protection for them.

14          Synapsis fails to recognize that its trade secrets can and will be adequately protected during

15   the litigation process through an appropriate protective order.  Notwithstanding its objections,

16   Synapsis has offered to provide supplementary responses.  It is hereby ordered to do so, upon entry

17   in this action of an appropriate protective order that conforms to Local Civil Rule 79-5.

18

19   E. Documents

20          In its opposition, Synapsis asserts that it has produced all responsive documents, but its

21   responses state only that it would produce all "relevant" documents.  Accordingly, Synapsis is

22   hereby ordered to serve an amended written response confirming that it has produced all non-

23   privileged, responsive documents in its possession, custody, or control.  Synapsis shall also produce

24   and serve a privilege log identifying any and all documents withheld on a claim of privilege.

25

26   F.  Sanctions

27          Evergreen's request for sanctions does not comply with Local Civil Rule 7-8, which

28   requires that all sanctions requests be brought by separately-noticed motion.  The request is denied.

4

1

2                                    IV.  CONCLUSION

3          The motion to compel is granted, as specified above.  The request for sanctions is denied.

4    Synapsis shall serve its supplemental responses within 20 days of the date of this order.

5

6    IT IS SO ORDERED.

7    Dated: July 21, 2006

                                              _____
8                                             RICHARD SEEBORG
                                              United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  Daniel C. DeCarlo     decarlo@lbbslaw.com, kkim@lbbslaw.com; pink@lbbslaw.com;
   creyes@lbbslaw.com

3

4  Manuel Albert Martinez     MMartinez@steinlubin.com, msaephan@steinlubin.com

   Jonathan S. Pink     pink@lbbslaw.com, creyes@lbbslaw.com
5

6  Michael Navid Radparvar     radparvar@lbbslaw.com,

7  Jeffrey F. Sax     jsax@sswesq.com

8  Counsel are responsible for distributing copies of this document to co-counsel who have not
   registered for e-filing under the Court's CM/ECF program.
9

10 **Dated: July 21, 2006**                          **Chambers of Judge Richard Seeborg**

11
                                                     **By:** _____**/s/ BAK**_____
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28