**E-Filed 9/12/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>  Defendants. | Case Number C 05-01524 JF<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[re. Docket No. 137] |

Defendant Ireland San Filippo LLP ("ISF"), moves for summary judgment as to Plaintiff Synapsis, LLC's ("Synapsis") sole claim against it. Synapsis opposes the motion. The Court heard oral argument on September 8, 2006. For the reasons set forth below, the motion will be granted.

**I. BACKGROUND**

On January 10, 2005, Synapsis filed the original complaint in the instant action against Defendants Evergreen Data Systems, Inc. ("Evergreen"), Bruce R. McAllister ("McAllister"), Steven J. DeMartini ("DeMartini"), ISF, and Does 1 through 10. On July 13, 2005, this Court

---

[1] This disposition is not designated for publication and may not be cited.

issued an order granting the motion of Defendants Evergreen, McAllister, and DeMartini to dismiss Synapsis's first five claims with leave to amend ("July 13th order"). The dismissed claims alleged: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) breach of contract, (3) intentional interference with prospective economic advantage, (4) negligent interference with prospective economic advantage, and (5) fraud.

On August 10, 2005, Synapsis filed a First Amended Complaint, alleging: (1) violations of RICO, (2) breach of contract, (3) intentional interference with prospective economic advantage, (4) negligent interference with prospective economic advantage, (5) fraud, and (6) trade libel and slander. Defendants Evergreen, McAllister, and DeMartini moved to dismiss the first, third, fourth, and fifth claims, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant ISF moved to dismiss the second claim, the only claim alleged against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 9, 2006, this Court issued an order granting ISF's motion to dismiss with leave to amend ("January 9th Order"). This order also denied in part and granted in part, without leave to amend, the motion to dismiss of Defendants Evergreen, McAllister, and DeMartini.

On January 30, 2006, Defendants Evergreen, McAllister, and DeMartini filed an answer and counterclaim against Synapsis and William Akel ("Akel"), the President of Synapsis. On March 8, 2006, Synapsis filed a Second Amended Complaint ("SAC") alleging (1) breach of contract, (2) fraud, (3) trade libel and slander, and (4) conversion. On March 28, 2006, Defendants Evergreen, McAllister, and DeMartini filed an answer to the Second Amended Complaint. ISF filed its answer to the Second Amended Complaint on April 7, 2006. On May 18, 2006, ISF filed a motion for summary judgment or, in the alternative, for summary adjudication of issues ("First MSJ"). This motion addressed the breach of contract claim, the sole claim asserted against ISF in the Second Amended Complaint. This Court scheduled the motion hearing for June 28, 2006. On May 30, 2006, Synapsis filed opposition to the motion for summary judgment ("First Opposition"), and on June 6, 2006, ISF filed a reply ("First Reply"). On June 20, 2006, pursuant to Federal Rule of Civil Procedure 56(f), this Court continued the hearing on ISF's motion for summary judgment to allow further discovery by Synapsis and

scheduled the motion hearing for September 8, 2006.  ISF filed an amended motion for summary judgment or, in the alternative, for summary adjudication of issues on August 4, 2006 ("Second MSJ").  Synapsis filed opposition to the second motion on August 18, 2006 ("Second Opposition").  ISF replied to this opposition on August 25, 2006 ("Second Reply").[2]

Synapsis is an electronic forms and laser printing company.  On September 21, 1992, Synapsis's predecessor, Synapsis Corporation Ltd., entered into a "Sales Agent Agreement" with Evergreen, a business forms distributor.  SAC ¶ 11 and Ex. 1.  The Sales Agent Agreement appointed Evergreen as Synapsis's "non-exclusive selling representative in the Area and exclusive selling representative for parties listed on Schedule B to actively promote and solicit orders for the Manufacturer Products or any components thereof for the term of this Agreement."  SAC Ex. 1.  It is signed by Timothy Short ("Short"), the then-President of Evergreen, and Akel.  SAC Ex. 1.  Synapsis alleges that it "took full control of the duties and responsibilities of" the Sales Agent Agreement on or about June 26, 1996, as confirmed by a letter dated April 11, 1996.  SAC ¶ 11 and Ex. 2.  This letter, addressed to Akel from Short, reaffirms that "Evergreen recognizes the intellectual property value of the subject products and written materials and agrees to use them solely within the limitations of the existing marketing agreements between Synapsis and Evergreen."  SAC Ex. 2.

In 1998, "the ownership of EVERGREEN changed hands to MCALLISTER and DEMARTINI."  SAC ¶ 16.  Through early 1999, Synapsis and Evergreen "enjoyed a good,

---

[2] Both parties have complained of perceived advantages gained by the other party in briefing this motion.  *See* Second Opposition 1 ("ISF will have the chance to file a 'sur-reply' after receiving this opposition.  Fairness should dictate a different result."); Second Reply 2, n.3 (alleging that Synapsis "unquestionably has violated Local Rule 7-3 by submitting 32 pages of opposition briefs").  The Court set the briefing schedule in consultation with the parties and perceives no prejudice suffered by either party.

Both parties have requested judicial notice of various documents.  On August 4, 2006, ISF requested judicial notice of the Second Amended Complaint and the July 13, 2005 order.  The Court grants this request.  On August 17, 2006, Synapsis filed a declaration by Jeffrey F. Sax requesting judicial notice of Synapsis' opposition, filed on May 30, 2006, to ISF's first motion for summary judgment and of the Declaration of Akel in support of this opposition.  The Court will grant this request.

1  working relationship." *Id.* On May 10, 2000, Synapsis, McAllister, and Bruce Evans, an
2  "Evergreen manager," entered into a "Mutual Non-Disclosure Agreement," which imposed
3  certain restrictions on the recipients of "Confidential Information," as defined by the agreement,
4  including that the "[r]ecipient shall not use the Confidential Information for its own use or for
5  any purpose except to evaluate whether it desires to enter into a business transaction with the
6  Disclosing Party, or as necessary to carry out the terms of such business transaction." SAC ¶ 38
7  and Ex. 3.

8      Synapsis alleges that, in late 2002, its "level of business was reduced by more than 60%."
9  SAC ¶ 19. McAllister and DeMartini are alleged to have stated that the causes of this reduction
10 in business were the "bad times in the economy, 'dot-com' firms going out of business and the
11 reluctance of businesses to spend monies on electronic forms." *Id.* However, Synapsis became
12 suspicious that "something was amiss" when it received a phone call in late October 2002 on the
13 telephone line dedicated to Synapsis-Evergreen business from a customer for whom Synapsis had
14 not created an order. SAC ¶ 20. Synapsis alleges that McAllister, DeMartini, and Evergreen in
15 fact had "entered into other business relationships" in violation of the Sales Agent Agreement
16 and were "secretly diverting business from [Synapsis] through an in house technical service
17 center." SAC ¶ 19. Synapsis alleges that it gave "valuable and proprietary trade secret
18 information" to Evergreen in reliance on representations by McAllister and DeMartini that the
19 information would be used to further the business relationship between Evergreen and Synapsis,
20 but that instead McAllister and DeMartini "used this information to cease doing business with
21 SYNAPSIS while stringing SYNAPSIS along falsely telling SYNAPSIS that business was
22 slow." SAC ¶¶ 28, 30. Synapsis alleges that "EVERGREEN's business was expanding and that
23 EVERGREEN had begun a new relationship with a competitor of SYNAPSIS, using
24 SYNAPSIS' trade secrets and valuable knowledge and training." SAC ¶ 35. Synapsis alleges
25 that "between one to six million dollars that should have belonged to SYNAPSIS per the terms
26 of the [Sales Agent Agreement] were wrongfully diverted." SAC ¶ 21.

27 **II. LEGAL STANDARD**

28     A motion for summary judgment should be granted if there is no genuine issue of

4

material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id*.

### III. DISCUSSION

ISF moves for summary judgment on the basis that it was not a party to the contracts, that it cannot be held liable under an alter ego theory of liability, and that Evergreen, DeMartini, or McAllister never had actual or ostensible authority to bind ISF with respect to the contracts. As discussed below, ISF meets its initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. The burden thus shifts to Synapsis to present specific facts showing that there are genuine issues for trial. Synapsis fails to meet this burden.

    a.    *ISF is Not A Party to the Contracts*

Synapsis does not allege that ISF was an original signatory party to the contracts at issue in this case. *See* First Opposition 11. The absence of this allegation does not preclude Synapsis' claims of ISF's liability on the basis that ISF was the alter ego of Evergreen or that ISF was the actual or ostensible principal of Evergreen. These claims are discussed below.

    b.    *Alter Ego*

In its January 9th Order, this Court explained that an alter ego claim must allege: (1) "such unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist" and (2) "an inequitable result if the acts in question are treated as those of the corporation alone." *Sonora Diamond Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824, 836 (Ct. App. 2000). The January 9th Order concluded that Synapsis had not alleged any facts with respect to the second element, i.e., that it would suffer an inequitable result if the Court evaluated only the liability of Evergreen and McAllister. January 9th Order 9. ISF points out that Synapsis still has not provided any evidence with respect to this second element. Memorandum in Support of Second MSJ 15. Indeed, the Court finds no reference to this second element in Synapsis' papers for this motion and no evidence in the record that would allow a reasonable jury to find that an inequitable result would occur if the acts at issue in this case were treated as those of Evergreen alone. Accordingly, potential alter-ego liability cannot be a basis for denying ISF's motion for summary judgment.

    c.    *Actual Authority*

ISF presents evidence that it never had an ownership interest in Evergreen in the form of a declaration by Robert A. Lee ("Lee"), the managing partner of ISF. Lee states that "ISF has never had an ownership interest, directly or indirectly, in Evergreen." Lee Declaration in Support of Second MSJ ¶ 11. Lee also states that "ISF has never been the principal of Evergreen," and that "Evergreen has never been an authorized agent for ISF." *Id.* at ¶¶ 12-13. ISF has shown that Synapsis has failed to present evidence of ISF's alleged ownership interest in Evergreen. Memorandum in Support of Second MSJ 7. This satisfies ISF's initial burden to inform the court of the basis of the motion and shifts the burden to Synapsis to present evidence sufficient to

demonstrate that there is a genuine issue for trial.

Synapsis asserts that in 1998, "ISF purchased Evergreen and used its partners, McAllister and DeMartini, to manage the company." First Opposition 11. Synapsis offers the following as evidence of ISF's ownership of Evergreen: the use of ISF facilities and email by McAllister and DeMartini, Second Opposition 5; the presence of Evergreen documents on ISF computers, *Id.* at 5-6, and Akel's declaration asserting that McAllister and DeMartini repeatedly stated or implied that ISF owned Evergreen, Akel Declaration in Support of First Opposition ¶¶ 3, 8, 10, 13, 16-17, 21, 27, 30.[3] The Court finds that this evidence is insufficient to allow a rational jury to decide that ISF actually owned Evergreen. Even in the context of arguments based upon estoppel and waiver, Synapsis fails to demonstrate that there is a genuine issue for trial.

(i) *Estoppel:* Synapsis argues that equitable estoppel bars ISF's defense that it was not the actual owner or principal of Evergreen. First Opposition 18. Under California law, "[w]henever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." Cal. Evid. Code §623.

Synapsis provides the declaration of Akel, in which Akel reports numerous occasions on which McAllister and DeMartini allegedly stated or implied that ISF owned Evergreen. Akel Declaration in Support of First Opposition ¶¶ 3, 8, 10, 13, 16-17, 21, 27, 30. The Court assumes the truth of Akel's assertions for the purposes of this motion. Synapsis asserted at oral argument that these repeated statements by McAllister and DeMartini that ISF owned Evergreen must be treated as statements by ISF for the purposes of this litigation. Synapsis based its argument on the fact that McAllister and DeMartini were partners of ISF at the time that they made the alleged statements. Although Synapsis made this assertion in response to the Court's inquiry as to ostensible authority, the Court understands Synapsis' position to be that ISF may not now contradict the statements allegedly made by its partners McAllister and DeMartini that ISF

---

[3] The Court need not resolve ISF's allegation that the Akel Declaration in Support of First Opposition is a "sham declaration," Second Reply, 1 n.1, since it finds for ISF even when it considers the contents of the declaration.

owned Evergreen.

The threshold issue for the Court's determination is whether ISF should be held responsible for the statements that McAllister and DeMartini made to Akel. The Uniform Partnership Act of 1994, codified at Cal. Corp. Code §§ 16100-962, governs Limited Liability Partnerships such as ISF. Cal. Corp. Code § 16101(9). The Code provides that "[a] partnership is liable for loss or injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission or other actionable conduct, of a partner acting in the ordinary course of business of the partnership or within the authority of the partnership." Cal. Corp. Code § 16305. Synapsis has provided no evidence tending to prove that McAllister and DeMartini made their statements to Akel regarding ISF's alleged ownership of Evergreen either in the ordinary course of business of ISF or within the authority of ISF. Synapsis has provided no evidence tending to show that it was ISF's ordinary course of business to provide assurances that it would stand behind companies in which it had no ownership interest. The evidence provided by Synapsis instead shows that McAllister and DeMartini dealt with Akel while undertaking the business of Evergreen, not ISF. McAllister and DeMartini may have been partners of ISF, but their dealings with Akel advanced solely Evergreen's interests. Thus, even assuming McAllister and DeMartini told Akel that ISF owned Evergreen, there is no evidence that McAllister and DeMartini made these statements in the ordinary course of ISF business or to further the interests *of ISF*. The Court concludes the statements do not estop ISF from denying ownership of Evergreen.

Moreover, Synapsis provides no evidence that Lee or anyone else at ISF "intentionally and deliberately" led Synapsis to believe that it was the actual owner or principal of Evergreen. The Court therefore concludes that ISF is not estopped from raising the defense that it was not the actual owner or principal of Evergreen.[4]

---

[4] Estoppel may arise from silence where there is a duty to speak. *Nicolopulous v. Superior Court*, 130 Cal. Rptr. 2d 626, 631 (Cal. Ct. App. 2003). The Court finds no silence in the face of a duty to speak in the present case, however. Synapsis has offered evidence stating that Akel met with ISF on June 10, 2003, to "find out what was really going on." Akel Declaration in Support of First Opposition Synapsis ¶ 28. ISF denied ownership of Evergreen at

*(ii) Waiver*: Synapsis also argues that ISF has waived its right to argue that it was not Evergreen's principal. First Opposition 19. "To constitute waiver, it is essential that there be an existing right, benefit, or advantage, a knowledge, actual or constructive, of its existence, and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that it has been relinquished." *Burton v. Leyser*, 196 Cal. App. 3d 451, 460 (1987). There is no evidence in the record that ISF intentionally relinquished its right to argue that it was not Evergreen's principal or that its conduct was so inconsistent with the intent to enforce the right as to induce a reasonable belief that it had been relinquished. Instead, ISF repeatedly has stated that it has no ownership interest in Evergreen since Akel's meeting with ISF on June 10, 2003. Akel Declaration in Support of First Opposition ¶¶ 28-29 ("I decided that ISF should be contacted to find out from its managing partner what was really going on. I met with Robert Lee at ISF"s offices on June 10, 2003. . . . At that meeting, Mr. Stein [the ISF attorney] denied that ISF ever owned Evergreen . . . ."). ISF has filed no papers in this Court inconsistent with such a position. The Court therefore concludes that ISF has not waived its right to argue that it was not Evergreen's principal.

In the absence of evidence of ISF's ownership of Evergreen and of any bar to ISF raising a defense of its lack of ownership, a claim that ISF actually owned Evergreen cannot be a basis for denying ISF's motion for summary judgment.

    d.    *Ostensible Authority*

Cal. Civ. Code § 2334 provides that "[a] principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." In order to recover under a theory of ostensible authority, Synapsis must show representation by the principal (here, ISF), justifiable reliance on the representation, and a change in position or injury resulting from such reliance. *Meyer v. Glenmoor Homes, Inc.*, 54 Cal. Rptr. 786, 800 (Ct. App. 1966). A finding of ostensible authority binds the principal to the acts of the agent, such as the

---

this meeting. *Id.* at ¶ 29. The Court finds that ISF had no duty to speak prior to Akel asking it what "was really going on" on June 10, 2003.

execution of an instrument or the entrance into a contract. *See e.g. Meyer v. Glenmoor Homes*, 54 Cal. Rptr. 786 (Ct. App. 1966). Synapsis alleges that McAllister and DeMartini repeatedly stated that ISF owned Evergreen but does not allege that McAllister and DeMartini undertook any actions which would bind ISF. Synapsis does not allege, for example, that McAllister and DeMartini purported to contract on behalf of ISF or otherwise to undertake an actionable obligation. Synapsis does not provide evidence that McAllister and DeMartini signed the Mutual Non-Disclosure Agreement in ISF's name or otherwise purported to bind ISF to the Mutual Non-Disclosure Agreement. *See e.g.* Akel Declaration in Support of First Opposition ¶ 18 ("Although not expressly stated in the NDA, McAllister and Evans both signed in their individual capacities on behalf of Evergreen, since it was Evergreen that was the vehicle through which Synapsis products would be marketed and sold."). The bald assertion that ISF was McAllister's principal for the purposes of the agreement, SAC ¶ 59, does not defeat ISF's motion for summary judgment. Synapsis may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. Fed. R. Civ. Pro. 56(e)

The only suggestion of such an undertaking that the Court sees in Synapsis' papers is the implication that McAllister and DeMartini entered into an oral contract on behalf of ISF under which ISF would serve as a guarantor of the contract between Synapsis and Evergreen or otherwise ensure its success. *See e.g.* First Opposition, 8 (referring to alleged representations by DeMartini and McCallister that "there were plans ahead to rectify the business situation by [ISF]"). However, such oral contract would not bind ISF even if it were properly alleged and supported by admissible evidence. First, the Statute of Frauds requires that guaranty contracts be in writing. Cal. Civ. Code § 1624(a)(2) (requiring that "special promise[s] to answer for the debt, default, or miscarriage of another, except in the cases provided for in Section 2794[5]" be in writing). Second, partners generally have no authority to bind their partnership upon a contract of guaranty. *See e.g. Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.*, 12 Cal. App. 4th 74, 93 (1993) (discussing and following cases holding that partners may not enter

---

[5] Cal. Civ. Code § 2794 relates to guaranty contracts entered into for consideration, which was not present in the instant case.

10

Case No. C 05-01524 JF (RS)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC1)

contracts of guaranty without a special grant of authority from the partnership).

Since it concludes that Synapsis has provided no evidence of any actionable undertaking by McAllister or DeMartini on behalf of ISF, the Court need not inquire whether McAllister and DeMartini had ostensible authority for such an undertaking on ISF's behalf.[6]  The Court also need not decide whether, as Synapsis alleges, discrepancies exist between Lee's deposition testimony and declaration.  Second Opposition 3-6; *see also* Second Reply 12-14 (ISF arguing the contrary).  The present motion requires Synapsis to show, after ISF has met its initial burden, that there is a triable issue of fact as to ISF's status as the ostensible or actual principal of Evergreen, or as the alter-ego of Evergreen.  The purported discrepancies between the deposition testimony and declaration are all general in nature and their resolution would not alter the Court's conclusion that ISF is not the ostensible or actual principal of Evergreen, or the alter-ego of Evergreen.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that ISF's motion for summary judgment is GRANTED.

DATED: September 12, 2006

_____
JEREMY FOGEL
United States District Judge

---

[6] The Court notes again, as above, that it understands the argument that ISF may not deny ownership of Evergreen because of the statements by McAllister and DeMartini to Akel asserting ISF's ownership of Evergreen to be based on the principles of equitable estoppel rather than ostensible authority.

This Order has been served upon the following persons:

| | |
|---|---|
| Daniel C. DeCarlo | decarlo@lbbslaw.com; kkim@lbbslaw.com; pink@lbbslaw.com; creyes@lbbslaw.com |
| Manuel Albert Martinez | Mmartinez@steinlubin.com, msaephan@steinlubin.com |
| Jonathan S. Pink | pink@lbbslaw.com; creyes@lbbslaw.com |
| Michael Navid Radparvar | radparvar@lbbslaw.com |
| Jeffrey F. Sax | jsax@sswesq.com |
| William Shibly Akel | wmakel@counterstrike.com |

H. Joseph Nourmand
H. Joseph Nourmand Law Offices
660 S. Figueroa Street
24th Floor
Los Angeles, CA 90017

Case No. C 05-01524 JF (RS)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC1)