**E-Filed 10/10/2006**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>       Defendants. | Case Number C 05-01524 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO STRIKE WITH LEAVE TO AMEND<br><br>[re: docket no. 150] |
| EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>       Counter-Claimants,<br><br>  v.<br><br>WILLIAM AKEL, et al.,<br><br>       Counter- Defendants. | |

  Defendants and counter-claimants Evergreen Data Systems, Inc. ("Evergreen"); Bruce R. McAllister ("McAllister"); and Steven J. DeMartini ("DeMartini") (Collectively, "Counter-Claimants") move to strike portions of the answer of counter-defendant William Akel ("Akel")[2]

---

[1] This disposition is not designated for publication and may not be cited.

[2] Akel represents himself in this matter.

to their counterclaim. Akel opposes the motion. The Court heard oral argument on October 6, 2006. For the reasons set forth below, the Court will grant the motion, with leave to amend.

## I. BACKGROUND

On January 10, 2005, Synapsis filed the original complaint in the instant action against Defendants Evergreen, McAllister, DeMartini, Ireland San Filippo, LLP ("ISF"), and Does 1 through 10. On July 13, 2005, this Court issued an order granting the motion of Defendants Evergreen, McAllister, and DeMartini to dismiss Synapsis's first five claims with leave to amend. On August 10, 2005, Synapsis filed a First Amended Complaint, alleging: (1) violations of RICO, (2) breach of contract, (3) intentional interference with prospective economic advantage, (4) negligent interference with prospective economic advantage, (5) fraud, and (6) trade libel and slander. On January 9, 2006, this Court issued an order granting ISF's motion to dismiss with leave to amend. This order also denied in part and granted in part, without leave to amend, the motion to dismiss of Defendants Evergreen, McAllister, and DeMartini. On March 8, 2006, Synapsis filed a Second Amended Complaint ("SAC") alleging (1) breach of contract, (2) fraud, (3) trade libel and slander, and (4) conversion. On September 12, 2006, the Court granted ISF's motion for summary judgment.

On January 30, 2006, Defendants Evergreen, McAllister, and DeMartini filed an answer and counter-claim against Synapsis and Akel, the President of Synapsis. Counter-Claimants made seven counter-claims, including four against Akel: Intentional Interference with Prospective Economic Relationships; Negligent Interference with Prospective Economic Relations; Inducing Breach of Contract; and Unfair Competition. Akel answered the counter-claim on August 11, 2006. Counter-Claimants sent Akel a letter pointing out perceived deficiencies in Akel's answer on August 23, 2006. Motion to Strike Ex. 1.[3] Akel responded by letter on August 24, 2006, declining to remedy these perceived deficiencies. *Id.* at Ex. 3.

---

[3] Akel argues that Exhibits 1, 2, and 3 to the motion to strike, including the Declaration of Jonathan Pink should be stricken on the basis that the documents: (a) constitute evidence outside the pleading; (b) are not subject to judicial notice; and (c) constitute inadmissible hearsay. However, a Court may strike portions of a pleading, Fed. R. Civ. P. 12(f), but this rule does not grant the Court the power to strike exhibits to a motion to strike.

2

Case No. C 05-01524 JF (RS)
ORDER GRANTING MOTION TO STRIKE
(JFLC1)

Counter-Claimants moved to strike portions of Akel's answer on August 25, 2006. Akel filed opposition to this motion on September 5, 2006 ("Opposition"). Counter-Claimants replied on September 19, 2006 ("Reply"). The Court heard oral argument on October 6, 2006.

## II. LEGAL STANDARD

A court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D.Ca. 2001). However, if a defense is invalid as a matter of law, a motion to strike should be granted in order to avoid unnecessary expenditure of time and money in litigation, *id.*, or if the matter to be stricken can have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Ca. 1991). "If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party." *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004).

## III. DISCUSSION

Counter-Claimants move to strike five paragraphs of Akel's answer, Akel's third and seventh affirmative defenses, and Akel's prayer for relief. For the reasons discussed below, the Court will grant this motion with leave to amend.[4]

A. Lack of Specificity in Five Paragraphs

Counter-Claimants move to strike paragraphs four, five, ten, eleven, and twelve of Akel's answer to the counter-claim.[5] Paragraph four reads: "CD-Akel admits in part and denies in part the allegations in paragraph 4 of the counter-claim." Paragraphs ten, eleven, and twelve read

---

[4] Counter-Claimants have complained that Akel has failed to provide a physical street address and a fax number as required by Local Rule 3-4. Motion to Strike 8. Akel agreed at oral argument to accept the emailing of a PDF document or the mailing of materials to his post office box ("P.O. Box") as sufficient service for the purposes of this litigation. Akel represented that his P.O. Box is large enough to contain an 8 1/2 x 11 inch envelope and that he also is able to receive larger materials. The Court therefore deems service on Mr. Akel via U.S. mail to his P.O. Box or via PDF to be adequate.

[5] These paragraphs correspond to the similarly numbered paragraphs in the counter-claim.

similarly, with only the paragraph number changed. Paragraph five reads: "CD-Akel denies in part and admits in part the allegations in paragraph 5 of the counter-claim."

Federal Rule of Civil Procedure 8(b) provides that "[w]hen a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and shall deny only the remainder." Akel's answers do not meet the requirement that a pleader "specify so much of it as is true." Akel argues that "[i]f an allegation were a compound statement, the appropriate admit or deny addressed both the first and second part of the compound allegation." Opposition 3. This is not sufficient to satisfy Rule 8(b)'s specificity requirement. It is not the responsibility of the Counter-Claimants or the Court to determine which parts of the allegation a pleader admits or denies. The Court therefore will grant the motion to strike with leave to amend with respect to paragraphs four, five, ten, eleven, and twelve of the answer.[6]

B.   Third Affirmative Defense: Lack of Jurisdiction and Improper Venue

Counter-Claimants move to strike Akel's third affirmative defense. This defense bears the title "Lack of Jurisdiction and Improper Venue." The body of the defense reads: "Counter-Claimants pleading is deficient against CD-Akel and like state sovereign immunity, CD-Akel does *not* grant consent and waiver to this action." Answer 7. The defense thus combines arguments of lack of jurisdiction, improper venue, and state sovereign immunity. Akel suggests elsewhere in the opposition that he was improperly joined and improperly served. Opposition 2. However, Akel does not mention joinder or service in his affirmative defense, nor make an argument to that end in Section III.A., the relevant section of the opposition. While Counter-Claimants attempt to rebut such implications, the Court will not speculate as to the content of such arguments.

---

[6] Akel requests that, if the Court orders him to augment his answer, it "specifically advise within Fed.R.Civ.P. 15(a) what and how far CD-Akel is supposed to interpret the five allegations of C-Claimants." Opposition 4. Akel also asks the Court to issue "rules of conduct between 'counsel.'" Opposition 10. The Court cannot issue such advice, but instead must limit itself to resolving the issues before it. However, the Court will advise both parties to continue to abide by all applicable rules of procedure in the future. Moreover, the Court encourages both parties to cooperate in resolving any future disputes.

The Court concludes that it should determine the validity of an affirmative defense of lack of jurisdiction and improper venue at this time in order to avoid needless expenditure of time and money in the future. The Court has subject matter jurisdiction over the counter-claim, since the counter-claim arises from "the transaction or occurrence that is the subject matter of the opposing party's claim." 28 U.S.C. § 1367(a). The counter-claim does not destroy diversity jurisdiction under 28 U.S.C. § 1367(b), which pertains to additional claims lodged by plaintiffs, not to a counter-claim asserted by defendants. Akel argues that this district cannot be a proper venue for the action because this Court does not have jurisdiction; since this Court does have jurisdiction, this argument is meritless. Counter-Claimants assert, and Akel does not contest, that all defendants reside in the Northern District of California. Venue is thus proper in this Court under 28 U.S.C. 1391(a)-(b) (venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State"). The third affirmative defense is invalid as a matter of law to the extent that it argues a lack of subject matter jurisdiction and improper venue.

The instant action does not include California, Nevada, or any other state as a party. State sovereign immunity and the Eleventh Amendment thus have no possible bearing on the instant case.

C.   Seventh Affirmative Defense: Fraudulent Representation

Counter-Claimants move to strike Akel's seventh affirmative defense. This defense bears the title "Fraudulent Representation." The body of the defense reads:

> Counter-Claimants allegations are deceptive, misleading and a distortion of the truth. Counter-Claimants *contributory negligence* is the proximate cause of injuries, if any. CD-Akel did not assent to any assumption of risk for interaction between Counter-Claimants and Counter-Defendant Synapsis, and will show Counter-Claimants allegations as plead to this Court are not within the *meaning and spirit* of, as an example, Business and Professions Code §§ 17200, et. seq.

Answer 7. As currently pled, the seventh affirmative defense is insufficient because any reference Akel makes to fraud pertains to Counter-Claimants' allegations themselves, not to the facts underlying the present action. Akel also fails to explain the relationship between "fraudulent representation," "contributory negligence," and "assumption of risk" in this defense.

D.   Prayer for Relief

5

Counter-Claimants move to strike Akel's prayer for "an award for damages from fraud by Counter-Claimants to cause personal injury to CD-Akel, including damage to CD-Akel's reputation." Answer 8. An answer may state counter-claims or cross-claims. Fed. R. Civ. P. 13. Akel has not attempted to assert such a counter-claim against Counter-Claimants. Akel thus has articulated no basis for a prayer for damages.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED THAT Counter-Claimants' motion to strike is GRANTED with leave to amend. Counter-defendant Akel shall file an amended answer to the counter-claims on or before October 30, 2006.

DATED: October 10, 2006

JEREMY FOGEL
United States District Judge

| | | |
|---|---|---|
| 1 | This Order has been served upon the following persons: | |
| 2 | William Shibly Akel | wmakel@counterstrike.com |
| 3 | Daniel C. DeCarlo | decarlo@lbbslaw.com, kkim@lbbslaw.com; pink@lbbslaw.com; creyes@lbbslaw.com |
| 4 | | |
| 5 | Manuel Albert Martinez | MMartinez@steinlubin.com, msaephan@steinlubin.com |
| 6 | Jonathan S. Pink | pink@lbbslaw.com, creyes@lbbslaw.com |
| 7 | Michael Navid Radparvar | radparvar@lbbslaw.com, |
| 8 | Jeffrey F. Sax | jsax@sswesq.com |
| 9 | Notice will be delivered by other means to: | |

H Joseph Nourmand
H Joseph Nourmand Law Offices
660 S. Figueroa Street
24th Floor
Los Angeles, CA 90017

7

Case No. C 05-01524 JF (RS)
ORDER GRANTING MOTION TO STRIKE
(JFLC1)