*E-Filed 10/10/2006*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYNAPSIS, LLC,

    Plaintiff,

v.

EVERGREEN DATA SYSTEMS, INC. ET AL.,

    Defendants.

NO. C 05-1524 JF (RS)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS**

## I. INTRODUCTION

Defendant Evergreen Data Systems, Inc. moves for terminating sanctions, issue preclusion sanctions, an order of contempt, and/or monetary sanctions against plaintiff Synapsis, LLC, based on Synapsis's failure to provide timely discovery responses under a prior court order. The motion was heard on October 4, 2006. Based on the parties' briefing, the argument of counsel, and the record herein, the Court finds that the circumstances do not rise to the level that contempt, terminating or issue preclusion sanctions are warranted, but the motion for monetary sanctions will be granted in the amount of $2500.

## II. BACKGROUND

Synapsis and Evergreen formerly had a business relationship under which Evergreen acted as a sales agent for Synapsis's products. The relationship deteriorated, and Synapsis brought this action alleging breach of contract and associated tort claims.

On June 21, 2006, the Court granted a motion to compel brought by Evergreen against

1

Synapsis, but denied Evergreen's request for sanctions, in part because the sanctions request did not comply with Civil Local Rule 7-8, which requires all sanctions requests to be brought by separately-noticed motion. The June 21st order required Synapsis to provide supplemental responses to numerous interrogatories and to serve an amended document request response and a privilege log to confirm that all non-privileged documents had been produced. The supplemental responses were due within 20 days of the June 21st order, which was August 10, 2006. Synapsis failed to comply.

Thirteen days later, Evergreen corresponded with Synapsis to warn that it would bring this sanctions motion unless the supplemental responses were received by August 25, 2006. As of August 30, 2006, the supplemental responses had not been served, and Evergreen filed this motion.[1] Sometime shortly thereafter (the record is unclear as to exactly when), Synapsis served the supplemental responses. The record is also unclear as to when or whether Synapsis provided the supplemental document response and any privilege log, but Evergreen did not raise that as an issue, and at the hearing, counsel for Synapsis represented that no documents have been withheld under a claim of privilege.

### III.  DISCUSSION

The Court does not impose sanctions lightly. The discovery rules are designed to be largely self-executing; the system relies on counsel's integrity as members of the bar and officers of the Court to act with professionalism and reasonable diligence in meeting their obligations under the rules and under any specific court orders that may issue in a case.

The remedies of terminating and issue preclusion sanctions exist for the purpose of providing a remedy to a party where another party's discovery abuse is so extreme and prejudicial that no

---

[1] The motion is entitled "Evergreen Data System's, Inc.'s Motion For Sanctions Against Plaintiff, Synapsis, LLC, Pursuant to Federal Rules of Civil Procedure, Rule 37 (b), and Request for Monetary Sanctions in the Amount of $6995.00." The only relief requested in the motion is various forms of sanctions. As such, the motion fully complies with Civil Local Rule 7-8, which provides, among other things, that, "[a]ny motion for sanctions, regardless of the sources of authority invoked, . . . must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2."

1 lesser remedy will cure the harm. See *In Re Exxon Valdez*, 102 F.3d 429, 432-433 (9th Cir. 1996)
2 (terminating sanctions are"authorized only in 'extreme circumstances;'" court must consider, among
3 other things, the "availability of less drastic sanctions."); *Amersham Pharmacia Biotech, Inc. v.*
4 *Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) ("[e]xclusion sanctions based on alleged
5 discovery violations are generally improper absent undue prejudice to the opposing side.")  Here,
6 Evergreen has made no showing that Synapsis's conduct has so prejudiced Evergreen's ability to
7 defend this action on the merits that such an extreme sanction would be warranted.

8       Evergreen *has* shown, however, that these circumstances call for imposition of monetary
9 sanctions.  Synapsis's opposition to this motion (itself filed five days late), attempts to shift the
10 blame to Evergreen, arguing that Evergreen was dilatory in producing documents that Synapsis
11 needed to prepare its own responses.  This Court's prior order did indeed acknowledge Synapsis's
12 contention that it intended to use forthcoming discovery from Evergreen to help it augment *some* of
13 the supplemental responses ordered by the Court.  Even assuming, however, that there were delays
14 in obtaining documents from Evergreen, Synapsis was under *court order* to provide supplemental
15 responses by a date certain.  Synapsis's options, therefore, were either to do the best it could and
16 provide supplemental responses specifically indicating that additional documents were necessary to
17 provide a complete response, or to present the problem to the Court with a request for additional
18 time within which to comply.  Simply ignoring the prior order was not an acceptable option.

19       Equally disturbing is the fact that the declaration of Gabriel Espinosa, Esq. offered by
20 Synapsis in opposition to the motion presents an entirely *different* explanation for Synapsis's delay
21 than that argued in the opposition brief.  Mr. Espinosa discloses that apparently the real reason for
22 the delay was a health problem he was suffering, rather than any conduct of Evergreen.  The Court is
23 sympathetic to Mr. Espinosa's health circumstances, and might have been inclined to grant
24 additional time based on those problems if alerted to the situation. Even if Synapsis had been unable
25 to bring Mr. Espinosa's health issue to the Court's attention prior to the deadline expiring, had its
26 opposition to this motion relied on that issue in a straight-forward manner, without attempting to
27 shift the blame to Evergreen, the excuse would have carried more weight.

28       On the present record, however, Synapsis has demonstrated a level of indifference to

complying with discovery deadlines and orders of the Court that is not acceptable. Accordingly, within 15 days of this order, counsel for Synapsis shall pay to Evergreen the sum of $2500 in sanctions.[2]

## IV. CONCLUSION

The motion for monetary sanctions is granted, in the amount of $2500, to be paid within 15 days. The motion is otherwise denied.

IT IS SO ORDERED.

Dated: October 10, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

---

[2] Evergreen's reply brief takes issue with the adequacy of the supplemental responses. Because this is not a motion to compel further responses, the Court cannot and has not made any determination as to whether Evergreen might be entitled to yet further responses. For purposes of evaluating the propriety of sanctions, however, the Court has reviewed the supplemental responses. That review suggests that Synapsis has now made a good faith effort to provide further substantive responses. Some of Evergreen's quarrels with the supplemental responses appear to be arguments that arise from Evergreen's view of the merits, rather than the sufficiency of the responses–if Evergreen believes that Synapsis lacks facts to support its claims, then the remedy may be a summary judgment motion rather than a further motion to compel. Nevertheless, whether additional supplemental responses might be required is a question for another day.