**E-Filed 11/14/2006**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>                Defendants. | Case Number C 05-01524 JF (RS)<br><br>ORDER[1] GRANTING MOTION FOR ATTORNEYS' FEES<br><br>[re: docket no. 171] |

Defendant Ireland San Filippo, LLP ("ISF"), moves for attorneys' fees of $114,620.50. Synapsis, LLC ("Synapsis"), opposes the motion. For the reasons discussed below, the Court will grant the motion and award attorneys' fees of $100,000.00 to ISF.

## I. BACKGROUND

On January 10, 2005, Synapsis filed the original complaint ("Original Complaint")[2] in the instant action against Defendants Evergreen Data Systems, Inc. ("Evergreen"), Bruce R.

---

[1] This disposition is not designated for publication and may not be cited.

[2] ISF requests judicial notice of the Original Complaint, filed on January 10, 2005, in the Central District of California. The Court will grant this request.

McAllister ("McAllister"), Steven J. DeMartini ("DeMartini"), ISF, and Does 1 through 10. On July 13, 2005, this Court issued an order granting the motion of Defendants Evergreen, McAllister, and DeMartini to dismiss Synapsis's first five claims with leave to amend. The dismissed claims alleged: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) breach of contract, (3) intentional interference with prospective economic advantage, (4) negligent interference with prospective economic advantage, and (5) fraud.

On August 10, 2005, Synapsis filed a First Amended Complaint, alleging: (1) violations of RICO, (2) breach of contract, (3) intentional interference with prospective economic advantage, (4) negligent interference with prospective economic advantage, (5) fraud, and (6) trade libel and slander. Defendants Evergreen, McAllister, and DeMartini moved to dismiss the first, third, fourth, and fifth claims, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant ISF moved to dismiss the second claim, the only claim alleged against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 9, 2006, this Court issued an order granting ISF's motion to dismiss with leave to amend ("January 9th Order"). This order also denied in part and granted in part, without leave to amend, the motion to dismiss of Defendants Evergreen, McAllister, and DeMartini.

On January 30, 2006, Defendants Evergreen, McAllister, and DeMartini filed an answer and counterclaim against Synapsis and William Akel, the President of Synapsis. On March 8, 2006, Synapsis filed a Second Amended Complaint ("SAC") alleging (1) breach of two contracts: the Sales Agent Agreement ("SAA") and the Mutual Non-Disclosure Agreement ("NDA"), (2) fraud, (3) trade libel and slander, and (4) conversion. On March 28, 2006, Defendants Evergreen, McAllister, and DeMartini filed an answer to the SAC. ISF filed its answer to the SAC on April 7, 2006. On May 18, 2006, ISF filed a motion for summary judgment or, in the alternative, for summary adjudication of issues. This motion addressed the breach of contract claim, the sole claim asserted against ISF in the SAC. On May 30, 2006, Synapsis opposed the motion for summary judgment, and ISF replied. On June 20, 2006, pursuant to Federal Rule of Civil Procedure 56(f), this Court continued the hearing on ISF's motion for summary judgment to allow further discovery by Synapsis. ISF filed an amended

motion for summary judgment or, in the alternative, for summary adjudication of issues on August 4, 2006. Synapsis opposed the second motion and ISF replied. The Court heard oral argument on September 8, 2006. The Court granted the amended motion for summary judgment on September 12, 2006 ("September 12th Order"), concluding that ISF was not liable for breach of contract on either an alter-ego or an agency theory.

ISF moved for attorneys' fees on September 26, 2006. Synapsis opposed the motion and ISF replied. The clerk of the court taxed costs of $452.90 against Synapsis on September 27, 2006. The Court heard oral argument on November 9, 2006.

## II. LEGAL STANDARD

The Ninth Circuit has held that state law controls the determination of the right to attorneys' fees and the method for calculating attorneys' fees in cases involving diversity or pendent jurisdiction. *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that "[e]xisting Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating fees;" also explaining that "[t]he *Erie* principles [governing choice of law regarding attorneys' fees] apply equally in the context of pendent jurisdiction [as diversity jurisdiction].");  *see also Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) ("The rule in this circuit requires that federal courts in diversity actions apply state law with regard to the allowance (or disallowance) of attorneys' fees."). The Court has pendent jurisdiction over the breach of contract claim, so California law applies to the determination of the availability and amount of attorneys' fees.[3]

Cal. Civ. Code § 1717(a) provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

---

[3] The attorneys' fees provision in the NDA also provides that California law applies. NDA § 5(d), SAC Ex. 3.

The California Supreme Court has explained that "[w]hen a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." *Scott Co. v. Blount, Inc.*, 86 Cal.Rptr.2d 614, 618 (1999). "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Id.* Section 1717 also applies to non-signatories who defend a breach of contract claim and are found not to be parties to it. *Reynolds Metal Co. v. Alperson*, 158 Cal.Rptr. 1, 3 (1979).

The Ninth Circuit summarized California law governing the reasonableness of attorneys' fees in *Hancock Laboratories, Inc. v. Admiral Ins. Co.*, 777 F.2d 520, 526 n.12 (9th Cir. 1985). It explained that "[t]he determination of what constitutes reasonable attorneys' fees is committed to the sound discretion of the trial court." *Id.* The court's opinion described the major factors considered by California courts as "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, the attorney's learning, age and experience in the particular type of work demanded; the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed." *Id.* The court also observed that "[t]he trier of fact in California may determine what is a reasonable amount to be allowed as attorneys' fees without hearing any testimony and without making any specific findings. Judges may rely on their own knowledge and experience to know reasonable attorneys' fees." *Id.* (citation omitted).

### III. DISCUSSION

1.   The Timeliness of ISF's Request for Attorneys' Fees

Synapsis argues that the Court should deny the motion for attorneys' fees on the ground that it is premature because the Court has not issued a separate judgment but rather only has issued an order granting summary judgment to ISF. However, Synapsis has not provided the

4

Court with any authority prohibiting it from considering a motion for attorneys' fees concurrently with a motion for entry of judgment. ISF requests that the Court deny the motion without prejudice if it finds the motion premature. However, the Court sees no advantage in deferring its decision on this fully-briefed motion. Instead, the Court will issue the judgment in this case simultaneously with this order. The Court concludes that Synapsis will suffer no prejudice from the Court proceeding in this fashion.

2.     The Availability of Attorneys' Fees

ISF argues that it may recover attorneys' fees from Synapsis under Cal. Civ. Code § 1717 because it prevailed on summary judgment against Synapsis and because the NDA, one of the two contracts in dispute, contained an attorneys' fees provision.

Synapsis alleged in the SAC that ISF breached both the SAA and the NDA. SAC ¶¶ 60-63, 66; *see also* Original Complaint ¶¶ 30-33. Synapsis alleged breach of the NDA as follows: "Defendants have breached the confidentiality provisions of [the NDA] by unlawfully appropriating SYNAPSIS' Work, trade secrets, and proprietary and confidential information to compete against SYNAPSIS through the internal technical center operated by Defendant EVERGREEN and MCALLISTER and DEMARTINI." SAC ¶ 63; *see also* Original Complaint ¶ 33. The NDA includes the following attorneys' fees provision:

> If either Disclosing Party or Recipient employs attorneys to enforce any rights arising out of or relating to this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees. This Agreement shall be construed and controlled by the laws of the State of California, and Recipient further consents to jurisdiction by the state and federal courts sitting in [sic] State of California.

NDA § 5(d), SAC Ex. 3. The previously-quoted allegation contained in paragraph 63 of the SAC attempts to enforce a perceived right "arising out of or relating to" the NDA. Synapsis did not prevail on its breach of contract claim based on its assertions of ISF's alter-ego liability or ostensible authority over Evergreen. Instead, ISF won summary judgment on the only claim against it and is a "prevailing party" within the definition of Cal. Civ. Code § 1717. Because it is a non-signatory that successfully defended a breach of contract claim for which it would have been liable for attorneys' fees if unsuccessful, ISF may collect attorneys' fees under Cal. Civ.

Code § 1717. *Reynolds Metal Co.*, 158 Cal.Rptr. at 3.[4]

3.        Sufficiency of Motion and Supporting Materials

Synapsis next argues that ISF has failed to provide adequate documentation of its attorneys' fees to allow for an award. Civil Local Rule 54-6(b) describes the required form of a motion for attorneys' fees. It requires a statement that counsel have met and conferred; a statement of the services rendered and time spent by each person, with a description of the manner in which records were maintained; and a description of the qualifications and customary hourly charges of each person who provided the services. ISF has met the requirements of Civil Local Rule 54-6(b). The Declaration of Manuel A. Martinez ("Martinez Declaration") submitted by ISF provides all the required statements and sufficient detail for the Court to determine reasonable attorneys' fees in this matter. ISF offers to provide the actual time records for inspection, Reply 5, but the Court concludes that this is not necessary.

Synapsis notes that in the Ninth Circuit, "[t]he party petitioning for attorneys' fees bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1306 (9th Cir. 1994) (internal quotation marks and citations omitted). Synapsis argues that,

---

[4] Synapsis argues that the instant action is comparable to *Gil v. Masano*, 121 Cal.App.4th 739 (2004), where the court declined to award attorneys' fees. However, *Gil* involved one of the parties to the contract bringing suit for fraud, a tort. *Id.* at 742. The court concluded that the attorneys' fees provision in the contract did not encompass fraud claims, as it pertained to actions "brought to enforce the terms" of the release the two parties had signed. *Id.* The court noted that "[w]here a contract authorizes an award of attorney fees in an action to enforce any provision of the contract, tort claims are not covered." *Id.* at 743. The court reasoned that a broader provision than that in the contested release might allow some recovery of attorneys' fees in tort actions, but that the contested release was too narrow to do so. *Id.* at 744. The court concluded that the defendant could "not recover attorney fees as the prevailing party in the fraud action." *Id.* at 745.
    The instant case is distinguishable from *Gil* because Synapsis brought suit against ISF for breach of contract, not for any tort. *Gil* therefore provides no support for Synapsis' argument that ISF may not recover attorneys' fees in this action. Synapsis' attempt to analogize the instant case to *Gil* by arguing that the action "did NOT focus on the Non-Disclosure Agreement," Opposition 8, is misplaced. Synapsis' vague reference to "actions arising from any business relationship" ignores the fact that the each complaint filed by Synapsis specifically asserts claims for breach of the SAA *and* the NDA. The fact that Synapsis lost on those claims does not erase them from their complaints.

6

pursuant to circuit authority,[5] ISF is required to provide a fuller itemization of the date, hours, and nature of the work performed than that currently submitted to the Court. However, no reported case specifies the required level of itemization of attorney hours; having reviewed dozens of fee applications, this Court is satisfied that the instant application meets professional standards.

4. Challenges to the Amount of Attorneys' Fees Sought by ISF

   a. Apportionment

Synapsis argues that the Court should apportion any award of attorneys' fees, claiming that no more than ten percent of the time and effort expended by counsel for ISF should be apportioned to the NDA, as the parties spent the vast majority of their time litigating the SAA. The California Supreme Court has held that "[w]here a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action." *Reynolds Metal Co. v. Alperson*, 25 Cal.3d 124, 129 (1979). The *Reynolds* court also held, however, that "plaintiff's joinder of causes of action should not dilute its right to attorney's fees. Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Id.* at 129-30.

Synapsis asserts that *Reynolds* does not prohibit courts from apportioning attorneys' fees in such situations, but instead only gives courts discretion not to apportion attorneys' fees in such situations. However, even assuming that Synapsis reads *Reynolds* correctly, the Court will exercise its discretion not to apportion attorneys' fees in this case. The Court concludes that ISF's defenses against the claim for the breach of the NDA and the SAA shared common issues of fact and law. The Court also concludes that ISF's defenses with respect to the two contracts

---

[5] *See also, Miller v. Woodharbor Molding & Millworks, Inc.*, 174 F.3d 948, 949 (8th Cir. 1999) (upholding the district court's finding of the inadequacy of the documentation of attorneys' fees where the moving party "failed to consistently identify the subject matter of the work performed and repeatedly failed to specify the substance or content of billed tasks") (quotation marks omitted).

were "inextricably intertwined, making it impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units." *Abdallah v. United Savings Bank*, 51 Cal.Rptr.2d 286, 293 (Cal. Ct. App. 1996).[6]

    ISF defended the claims for breach of the SAA and the NDA on the same basis of the absence of alter-ego authority or an agency relationship. The distinction between the NDA and the SAA on the basis of a difference in signatory parties has no bearing on this analysis, because Synapsis attempted to hold ISF, which of course was not a signatory to either contract, liable for breach of *both* contracts on the basis of the same agency and alter-ego theories. The issues of fact and law were almost identical. Synapsis did not allege that different facts gave rise to ostensible agency or alter-ego liability with regard to the NDA and the SAA. The dispute about liability for breach of both the NDA and the SAA on an ostensible agency theory revolved around alleged representations made by DeMartini and McAllister that ISF owned Evergreen. *See* September 12th Order 9-11. Accordingly, the Court considered the allegations of such representations as they related to the claimed breaches of both contracts. For example, while evidence of an alleged assertion that ISF would "rectify the business situation," *see id.* at 10, appears to pertain mostly to the SAA, the Court dismissed the first amended complaint in part because "Synapsis [did] not clearly allege having relied on any representations when it entered into the mutual non-disclosure agreement, the only agreement that was entered into after McAllister and DeMartini purchased Evergreen." January 9th Order 8. The Court ultimately rejected Synapsis' ostensible agency argument on the ground that Synapsis had not alleged any binding act that any agent had undertaken - a failure common to the SAA and the NDA. September 12th Order 10-11. Similarly, the dispute about alter-ego liability turned on the insufficiency of Synapsis' allegation of an inequitable result, not any facts specific to the NDA or the SAA. *See* September 12th Order 6; January 9th Order 9.

---

[6] Synapsis cites *Webb v. Dyer County Bd. of Ed.*, 471 U.S. 234 (1985). *Webb* interprets attorneys' fees under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, not Cal. Civ. Code §1717. It's discussion of apportionment between administrative hearings and an ensuing civil action also has little bearing on this case. Accordingly, *Webb* does not support Synapsis' argument.

Thus, the separate identities, contents, and origins of the NDA and the SAA had little or no bearing on the Court's resolution of this litigation between ISF and Synapsis. Common issues of law and fact dominated ISF's defense against Synapsis' attempts to hold ISF liable for asserted breaches of the NDA and the SAA. Simply put, summary judgment was granted because Synapsis failed to plead or provide sufficient evidence to support required elements of agency or alter-ego theories, not because of any distinction between the NDA and the SAA. Under these circumstances, apportionment would be inappropriate.

      b.      Disputed Amount of Fees

Synapsis argues that the amount of attorneys' fees sought by ISF is unreasonable on the grounds that the attorney rates are too high, that ISF's counsel billed too many hours, and that ISF should not seek reimbursement for paralegal fees.

           i.      Attorneys' Fees

                (1)      Rates

Synapsis argues that ISF should recover attorneys' fees at the rate that it compensates its own counsel ($300/hr), rather than at the rate that ISF compensates its counsel ($395/hr). Synapsis provides no authority and little argument justifying such a reduction in attorneys' fees. The Court concludes that the rates charged by the various attorneys who contributed to ISF's defense of this matter are reasonable given market rates.[7]

                (2)      Hours

Synapsis argues that ISF should not recover $68,255.75 of the attorneys' fees that it seeks on the grounds that the tasks which counsel for ISF undertook did not require the amount of time that counsel for ISF dedicated to them. Opposition 14. The Court is familiar with the complexities and motion practice in this case. It has reviewed the materials submitted by ISF and concludes that the amount of time that counsel for ISF spent throughout the litigation is reasonable. The Court will not reduce the award of attorneys' fees on the basis that counsel for ISF took too long to perform any individual task in this litigation.

---

[7] ISF provides the rates and hours charged by individual attorneys who worked on ISF's defense of this action in the Martinez Declaration ¶¶ 17-22.

    ii.  Paralegal Fees

Synapsis argues that ISF may not recover fees for services provided by paralegals. Opposition 8 n.3. Synapsis provides no authority for such an assertion. The California Supreme Court has not spoken on the specific issue of whether an attorneys' fees provision may include paralegal fees under Cal. Civ. Code §1717. However, the California Courts of Appeal have decided that recovery of attorneys' fees generally allows recovery of associated paralegal fees. *See e.g. Guinn v. Dotson*, 23 Cal.App.4th 262, 268-70 (1994) (describing the trend of allowing paralegal fees across a number of different statutes and in contractual provisions providing for attorneys' fees). The Court finds the reasoning behind this trend persuasive. Excluding paralegal fees from an award of attorneys' fees would incentivize lawyers to perform the functions of paralegals. The Court concludes that it should avoid such an outcome. Accordingly, the Court concludes that the inclusion of paralegal fees in ISF's request for attorneys' fees is reasonable.[8]

5.  Reasonable Fees Under the Circumstances of this Litigation

The determination of reasonable attorneys' fees rests within the discretion of the Court. *Hancock Laboratories*, 777 F.2d at 526 n.12.[9] On the basis of the evidence presented by ISF, the Court concludes that many of the major factors discussed in *Hancock Laboratories* weigh in favor of granting ISF the attorneys' fees that it seeks. This litigation is complex, exposed ISF to potential damages of over $1,000,000, *see* SAC ¶ 67, and required a high level of skill from counsel for ISF. Counsel for ISF provided the necessary expertise and effort and consequently won a motion for summary judgment; although not before having to engage in other motion

---

[8] The Court notes a discrepancy in the Declaration of Martinez Declaration regarding the prevailing rate for billing paralegal time. In discussing Brian Higgins' hourly rate, Martinez describes $110/hr as "the normal rate charged and collected by Stein & Lubin for time billed by paralegals." Martinez Declaration ¶ 24. In the next paragraph, Martinez makes the same assertion about Christiana Hoffman's rate of $130/hr. *Id.* ¶ 25. Both these statements cannot be accurate. Assuming that $110/hr represents the correct hourly rate for paralegals, the fees billed for Ms. Hoffman are $6.00 too high (0.3 hrs billed (Martinez Declaration ¶ 17) * $20/hr reduction in price).

[9] Synapsis provides the Court with no authority indicating that California law on attorneys' fees has changed since the *Hancock* decision in such a way as to command a different result. The Court concludes that it has not.

Case No. C 05-01524 JF (RS)
ORDER GRANTING MOTION FOR ATTORNEYS' FEES
(JFLC1)

practice. The attorneys who provided legal services to ISF have extensive qualifications and charged rates commensurate with their experience.

Moreover, counsel for ISF have produced evidence indicating that they took proactive steps to reduce the legal fees that they generated while representing ISF. They have provided the Court with copies of letters they sent to counsel for Synapsis indicating that ISF would enter into a tolling agreement if Synapsis agreed to dismiss it from the litigation without prejudice. Martinez Declaration Exs. A-B. Counsel for ISF have also declared that they consciously avoided undertaking unnecessary discovery and instead focused on motion practice, even though their calculated risk may have increased the possibility that ISF would be held liable. Martinez Declaration ¶ 27.

However, the Court is troubled by the proportion of time spent on the case by Mr. Martinez as opposed to lower-billing associates. Martinez, a partner at Stein & Lubin who charges $395/hr, spent 189.90 hours working on the case, while the three associates who contributed to the work on the case spent a combined 139.70 hours at rates ranging from $235-$250. For the purposes of Cal. Civ. Code § 1717 and the relevant clause in the NDA, "reasonable attorneys' fees" do not include such a heavy concentration of Mr. Martinez's time. The Court concludes that Mr. Martinez's associates could have handled a larger portion of this litigation. Accordingly, the Court will adjust the award of attorneys' fees. The Court concludes that an award of $100,000.00 reflects reasonable attorneys' fees in this matter on the basis that such an award reflects a reasonable proportion of associate and partner time given the complexity of the litigation, the motion practice, and standards in the local legal community.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that ISF's motion for attorneys' fees is GRANTED. Synapsis shall pay ISF $100,000.00 in attorneys' fees.

DATED: November 14, 2006.

_____
JEREMY FOGEL
United States District Judge

11

Case No. C 05-01524 JF (RS)
ORDER GRANTING MOTION FOR ATTORNEYS' FEES
(JFLC1)

1  This Order has been served upon the following persons:

2  William Shibly Akel          wmakel@counterstrike.com

3  Daniel C. DeCarlo            decarlo@lbbslaw.com, kkim@lbbslaw.com;
                                 pink@lbbslaw.com; creyes@lbbslaw.com
4
   Manuel Albert Martinez       MMartinez@steinlubin.com, msaephan@steinlubin.com
5
   Jonathan S. Pink             pink@lbbslaw.com, creyes@lbbslaw.com
6
   Michael Navid Radparvar      radparvar@lbbslaw.com,
7
   Jeffrey F. Sax               jsax@saxlaw.net
8

9  Notice will be delivered by other means to:

10 H Joseph Nourmand
   H Joseph Nourmand Law Offices
11 660 S. Figueroa Street
   24th Floor
12 Los Angeles, CA 90017

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

Case No. C 05-01524 JF (RS)
ORDER GRANTING MOTION FOR ATTORNEYS' FEES
(JFLC1)