**\*E-FILED 11/29/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC, | NO. C 05-1524 JF |
|       Plaintiff, | **ORDER RE DISCOVERY DISPUTE** |
| v. | |
| EVERGREEN DATA SYSTEMS, INC. ET AL., | |
|       Defendants. | |

Counter-defendant William Akel, appearing in *pro se*, and defendant and counter-claimant Evergreen Data Systems, Inc. have submitted a joint brief seeking resolution of a discovery dispute pending between them. The parties invoke Local Civil Rule 37-1 (b)[1], which is designed to permit parties to obtain speedy and cost-effective resolutions of disputes that arise during the course of discovery "events." The rule is primarily intended for use in circumstances where proceedings are actually in progress, such as depositions or situations where documents or other tangible things are presented for inspection, rather than in disputes regarding written discovery or conventional document productions where copies of responsive documents are simply mailed by the producing party. In this instance, however, the Court, through its clerk, advised the parties that they would be permitted to present this dispute informally, without regard to the applicability or inapplicability of Rule 37-1, and that the Court would either rule on the basis of the joint submission or require the

---

[1] The joint brief erroneously refers to Rule 31-1 (b), which does not exist.

1

1  parties to proceed by formal motion practice.

2  Having reviewed the parties' joint brief, the Court concludes that it is not in a position to 3 determine conclusively the propriety of the disputed requests without a more complete record. In 4 the interests of facilitating a possible resolution between the parties without further Court 5 intervention, however, the Court notes the following principles. Under Rule 26 of the Rules of 6 Federal Procedure, a party may seek discovery from any person, as long as the discovery "is relevant 7 to the claim or defense of any party." There is no limitation that a party need only answer discovery 8 that is directed at claims alleged specifically by or against that party. The responding party, of 9 course, need only respond based on information and documents within his or her own possession, 10 custody, or control, and is not expected to respond on behalf of some other party. If a responding 11 party actually has no knowledge or documents regarding other claims in the litigation, he or she may 12 so state, but that is not a basis for objecting to the requests or refusing to respond at all.

13  Requests for admissions potentially raise somewhat different issues. To begin with, requests 14 for admissions are not ordinarily a tool for *discovering* information. Rather, their purpose is "to 15 expedite trial by establishing certain material facts as true and thus narrowing the range of issues for 16 trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Even if one 17 party were to respond to a request for admission with an unqualified admission, that would not be 18 binding on other parties to the litigation. Thus, depending on the particular wording of a request for 19 admission and the nature of the claims, it might be inappropriate to ask one party to admit or deny a 20 matter that related only to claims between other parties.

21  Finally, although corporate documents could be said to be within the "control" of corporate 22 officers, requesting an officer to produce such documents ordinarily would be inappropriate where 23 the corporation is also a party, except to the extent that the individual is being asked to produce any 24 responsive documents that he or she may have in his or her *personal* possession.

25
26
27
28

The parties are directed to engage in further meet and confer discussions with these principles in mind. In the event they are unable to resolve their disputes, further Court action may be sought by noticed motion.

IT IS SO ORDERED.

Dated: November 29, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

William Shibly Akel     wmakel@counterstrike.com

Daniel C. DeCarlo     decarlo@lbbslaw.com, kkim@lbbslaw.com; pink@lbbslaw.com; creyes@lbbslaw.com

Jonathan S. Pink     pink@lbbslaw.com, creyes@lbbslaw.com

Michael Navid Radparvar     radparvar@lbbslaw.com,

Jeffrey F. Sax     jsax@saxlaw.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/28/06**                                                      **Chambers of Judge Richard Seeborg**

                                                                          **By:**    _____/s/ BAK_____