**E-Filed 1/16/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>                    Defendants. | Case Number C 05-01524 JF (RS)<br><br>ORDER[1] GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE<br><br>[re: docket no. 194] |
| EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>                    Counter-Claimants,<br><br>      v.<br><br>WILLIAM AKEL, et al.,<br><br>                  Counter-Defendants. | |

On November 28, 2006, counter-claimants Evergreen Data Systems, Inc.; Bruce R. McAllister; and Steven J. DeMartini (collectively "Counter-Claimants") moved for voluntary dismissal with prejudice of their counter-claim against counter-defendant William Akel ("Akel"). Akel filed opposition to the motion on December 29, 2006.

---

[1] This disposition is not designated for publication and may not be cited.

The Court concludes that it may resolve this matter without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

Counter-Claimants state that negotiations between themselves and Akel to stipulate to dismissal of the counterclaim took place in November, 2006. According to Counter-Claimants, these negotiations broke down at the end of that month, leading them to file the instant motion. Counter-Claimants state that they bring this motion for the economic reason that the anticipated legal costs of continuing their action against Akel are greater than the amount of money they believe that they could collect from Akel. Counter-Claimants state that their "good faith decision to dismiss Mr. Akel is [] supported by [the] recent discovery that any victory [against] him will be hollow." Motion 3. Counter-Claimants wish to proceed with their counterclaim against only counter-defendant Synapsis, LLC.

Akel filed an amended answer to the counter-claim on October 27, 2006, but has not filed a motion for summary judgment. Akel's opposition to the motion, filed on December 29, 2006, states that "[i]n spirit, CD-Akel has no reason to object to this Court dismissing CD-Akel from this action so long as the dismissal is <u>with</u> prejudice. What defendant ever desires to be part of a lawsuit?" Opposition 10. Akel apparently filed opposition because of his sense that Counter-Claimants had brought meritless claims against him and his desire for the Court to perform a thorough review of the facts and law before granting the motion. Opposition 10.

## II. LEGAL STANDARD

Fed. R. Civ. Pro. 41(a)(2) provides that after the filing of a reply and without a stipulation, an action may be voluntarily dismissed only "upon order of the court and upon such terms and conditions as the court deems proper." The provisions of Rule 41 apply equally to counterclaims. Fed. R. Civ. Pro. 41(c). "A voluntary dismissal with prejudice under Rule 41(a)(1) has the same effect as a voluntary dismissal with prejudice under Rule 41(a)(2)." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995).

## III. DISCUSSION

The Court has considered the equities of a voluntary dismissal with prejudice and

concludes that such a dismissal is in the best interests of all parties.  There is no evidence that the Counter-Claimants are trying to avoid an adverse result or otherwise gain an unfair advantage over Akel; their request to dismiss the action with prejudice defeats any such suggestion.

Another court in this district has held that "[i]n exercising its discretion, the Court must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D.Cal. 1993) (citation omitted). The Court does not have an adequate record before it to determine what costs, if any, it should impose upon Counter-Claimants. Accordingly, if Akel seeks to recover costs and/or attorney's fees, he must do so by means of a noticed motion within thirty days of the issuance of this order.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for voluntary dismissal with prejudice is GRANTED.  The Counter-Claim is dismissed as to Counter-Defendant Akel.

Dated: January 16, 2007

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  William Shibly Akel          wmakel@counterstrike.com

3  Daniel C. DeCarlo            decarlo@lbbslaw.com, kkim@lbbslaw.com; pink@lbbslaw.com; creyes@lbbslaw.com

4

5  Manuel Albert Martinez       MMartinez@steinlubin.com, msaephan@steinlubin.com

   Jonathan S. Pink             pink@lbbslaw.com, creyes@lbbslaw.com
6
   Michael Navid Radparvar      radparvar@lbbslaw.com,
7
   Jeffrey F. Sax               jsax@sswesq.com
8
   Notice will be delivered by other means to:
9
   H Joseph Nourmand
10 H Joseph Nourmand Law Offices
   660 S. Figueroa Street
11 24th Floor
   Los Angeles, CA 90017
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-01524 JF (RS)
ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE
(JFLC1)