1

2                                                                    **E-Filed 2/28/07**

3

4

5

6

7

8                                         NOT FOR CITATION

9                        **IN THE UNITED STATES DISTRICT COURT**

10                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                                      **SAN JOSE DIVISION**

12

| | |
|---|---|
| SYNAPSIS, LLC, | Case Number C 05-01524 JF |
| Plaintiff, | ORDER[1] DENYING IN PART MOTION FOR COSTS AND ATTORNEY'S FEES |
| v. | |
| EVERGREEN DATA SYSTEMS, INC., et al., | [re. Docket No. 215] |
| Defendants. | |

19        On November 28, 2006, defendants and counter-claimants Evergreen Data Systems, Inc.,

20   Bruce McAllister, and Steven DeMartini (collectively, "Counter-Claimants") moved to dismiss

21   their counterclaim against William Akel ("Akel").  The motion was granted on January 16, 2007.

22   In response to Akel's apparent desire to recover costs, the Court wrote that "if Akel seeks to

23   recover costs and/or attorney's fees, he must do so by means of a noticed motion within thirty

24   days of the issuance of this order."  January 16, 2007 Order 3.  On January 30, 2007, Akel moved

25   for attorney's fees and costs.  Counter-Claimants oppose the motion.  Having reviewed the

26   motion, opposition, and reply, the Court concludes that the motion is appropriate for decision

27   _____

28        [1] This disposition is not designated for publication and may not be cited.

1    without oral argument.  *See* Civ. L.R. 7-1(b).

2         Akel states no basis for an award of attorney's fees.  None of the counterclaims brought

3    against Akel[2] pertains to the Sales Agent Agreement or the Non-Disclosure Agreement at issue in

4    the action between Synapsis and the Counter-Claimants.  Accordingly, neither of those

5    agreements provides a basis for an award of attorneys' fees.  Akel does not point to another

6    contract that might allow an award of attorney's fees.  The statutory provisions cited by Akel do

7    not provide a basis for such an award.  Akel does make reference to the attorneys' fees provision

8    of the Copyright Act, 17 U.S.C. § 505, but the Copyright Act is not at issue in the counterclaims.

9    Cal. Civ. Code § 1717 pertains to actions on a contract, and thus does not apply to the

10   counterclaims against Akel.  Cal. Civ. Code § 2339 pertains to liability for the ratified acts of an

11   agent; it does not provide an independent basis for an award of attorney's fees.  Cal. Civ. Proc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

     [2]  The counterclaims against Akel alleged (a) intentional interference with existing
     contractual relationships (third counterclaim); (b) intentional interference with prospective

27   contractual relationships (fourth counterclaim); (c) negligent interference with prospective
     contractual relations (fifth counterclaim); (d) inducing breach of contract (sixth counterclaim);

28   and (e) unfair competition (seventh counterclaim).

2

Case No. C 05-01524 JF (RS)
ORDER DENYING IN PART MOTION FOR COSTS AND ATTORNEY'S FEES
(JFLC1)

1   Code §§ 128.5,[3] 128.7,[4] 1021,[5] 1032, 1033.5,[6] and 1034[7] do not grant Akel a substantive right to

2   attorneys' fees.

3          Fed. R. Civ. P. 54(d)(1) and Civ. L.R. 54 govern the taxation of costs in this action.  *See*

4   *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)

5   (noting in a diversity case that, "as a general proposition, the award of costs is governed by

6   federal law under Rule 54(d).") (citing 10 Wright, Miller & Kane, Federal Practice and

7   Procedure: Civil 2d § 2669 at 214 (1983)).  Fed. R. Civ. P. 54(d)(1) provides that "costs other

8   than attorneys' fees shall be allowed as of course to the prevailing party unless the court

9   otherwise directs."  A prevailing party must serve and file a bill of costs within fourteen days of

10  the entry of judgment or of an "order under which costs may be claimed."  Civ. L.R. 54-1.  If

11  Akel wishes to recover costs, he should serve and file a bill of costs within fourteen days of the

12  issuance of this order.  Akel must abide by all applicable court rules and may not include

---

14  [3]  Cal. Civ. Proc. Code § 128.5 allows a trial court to order attorney's fees incurred "as a
result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary
15  delay."  This statute does not provide a basis for an award of attorney's fees to Akel for two
reasons.  First, Akel offers no evidence that Counter-Claimants' actions or tactics were
16  undertaken in bad faith, and second, "when fees are based upon misconduct by an attorney or
party in the litigation itself, rather than upon a matter of substantive law, the matter is
17  procedural," and federal law applies.  *In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir.
18  2001).  Accordingly, to the extent that Akel seeks attorney's fees as part of an implied motion for
sanctions, that motion is governed by Fed. R. Civ. P. 11.  However, while Akel refers to a
19  sanctions motion, he does not provide the Court with grounds on which to find that sanctions are
20  appropriate.

21  [4]  Cal. Civ. Proc. Code § 128.7 allows sanctions for the filing of a frivolous pleading.
However, it does not provide a basis for an award of attorney's fees in this instance for the same
22  reasons that Cal. Civ. Proc. Code § 128.5 does not.

23  [5]  Cal. Civ. Proc. Code § 1021 provides that attorney's fees are to be granted when
24  provided for by statute or by agreement.  As discussed above, neither basis supports an award of
attorney's fees to Akel.
25

26  [6]  Cal. Civ. Proc. Code §§ 1032, 1033.5 govern the allowance of costs in state courts and
are not relevant to the instant motion.
27

[7]  Cal. Civ. Proc. Code § 1034 governs costs on appeal in the state court system and is not
28  relevant to the instant motion.

Case No. C 05-01524 JF (RS)
ORDER DENYING IN PART MOTION FOR COSTS AND ATTORNEY'S FEES
(JFLC1)

1  attorneys' fees in his bill of costs.[8]  If Counter-Claimants object to the costs taxed by the clerk,

2  they should file their objections in accordance with Civ. L.R 54-2.[9]

3

4  Good cause therefore appearing, IT IS HEREBY ORDERED that:

5         1.      Akel's motion for attorneys' fees is DENIED.

6         2.      Akel shall file any bill of costs within fourteen (14) days of the issuance of this

7                 order.

8         3.      The motion hearing scheduled for March 16, 2007 is vacated.

9

10  DATED: February 28, 2007.

11

12

13                                               JEREMY FOGEL
                                                 United States District Judge

14

15

16

17

18  _____

19         [8]  The Court having determined that Akel has no substantive right to attorneys' fees under
     any of the California statutes that he cites, there is no question whether such fees can be
20   recovered as costs under Fed. R. Civ. P. 54.  *Cf. Kellems v. California CIO Council*, 6 F.R.D.
     358 (N.D.Cal. 1946) (holding that Court has discretion to allow attorney's fees as costs in a libel
21   action heard under diversity jurisdiction where the California libel statute allows the recovery of
     costs of $100 to cover attorney's fees).
22
         [9]  The Court concludes that the question whether Akel is a prevailing party for the
23   purpose of taxing costs under the federal rules is not adequately briefed to allow resolution at this
     time.  Accordingly, any objection may include an argument that Akel is not a prevailing party for
24   the purpose of the applicable rules.  The Court notes that the Seventh Circuit has held that "a
     voluntary dismissal with prejudice renders the opposing party a 'prevailing party' within the
25   meaning of Rule 54," *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003), and that
     the Ninth Circuit appears receptive to a similar view.  *See Zenith Ins. Co. v. Breslaw*, 108 F.3d
26   205, 207 (9th Cir. 1997) (per curiam) (discussing voluntary dismissal of claims before trial and
     noting that dismissal with prejudice is tantamount to a decision on the merits).
27

28

Case No. C 05-01524 JF (RS)
ORDER DENYING IN PART MOTION FOR COSTS AND ATTORNEY'S FEES
(JFLC1)

1   This Order has been served upon the following persons:

2   Daniel C. DeCarlo          decarlo@lbbslaw.com; kkim@lbbslaw.com; pink@lbbslaw.com;
                               creyes@lbbslaw.com
3

    Manuel Albert Martinez     Mmartinez@steinlubin.com, msaephan@steinlubin.com
4

    Jonathan S. Pink           pink@lbbslaw.com; creyes@lbbslaw.com
5

    Michael Navid Radparvar    radparvar@lbbslaw.com
6

    Jeffrey F. Sax             jsax@sswesq.com
7

    William Shibly Akel        wmakel@counterstrike.com
8

    H. Joseph Nourmand
9   H. Joseph Nourmand Law Offices
    660 S. Figueroa Street
10  24th Floor
    Los Angeles, CA 90017
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-01524 JF (RS)
ORDER DENYING IN PART MOTION FOR COSTS AND ATTORNEY'S FEES
(JFLC1)