**E-Filed 8/30/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNAPSIS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EVERGREEN DATA SYSTEMS, INC., et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTER CLAIMS | Case Number C 05-01524 JF (RS)<br><br>ORDER[1] DENYING MOTION TO TAX COSTS<br><br>[re: docket no. 247] |

On November 28, 2006, defendants and counter-claimants Evergreen Data Systems, Inc., Bruce McAllister, and Steven DeMartini (collectively, "Counter-Claimants") moved to dismiss their counterclaim against William Akel ("Akel"). The motion was granted on January 16, 2007. In response to Akel's apparent desire to recover costs, the Court stated that "if Akel seeks to recover costs and/or attorney's fees, he must do so by means of a noticed motion within thirty days of the issuance of this order." January 16, 2007 Order 3. On January 30, 2007, Akel moved for attorney's fees and costs. Counter-Claimants opposed the motion. On February 28, 2007, the Court denied the motion as to attorney's fees and directed Akel to serve and file a bill of costs within fourteen days. The Court directed Akel to "abide by all applicable court rules."

---

[1] This disposition is not designated for publication and may not be cited.

1     On March 7, 2007, Akel filed a bill of costs in the amount of $3,233.22.[2]  On March 15, 2007, Evergreen filed objections to the bill of costs.  On March 16, 2007, the clerk declined to tax any costs.  On March 21, 2007, Akel moved for review of that decision and for taxation of costs.  Evergreen opposes the motion on the grounds that Akel failed to comply with the statutory requirements for filing a bill of costs, that the majority of his costs are not allowable, and that Akel was not the prevailing party.[3]

      "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).

>     A judge or clerk of any court of the United States may tax as costs the following:
>     (1) Fees of the clerk and marshal;
>     (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>     (3) Fees and disbursements for printing and witnesses;
>     (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>     (5) Docket fees under section 1923 of this title;
>     (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>     A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.  Civ. L. R. 54-3, which discusses standards for taxing various costs, refers specifically to eight types of taxable costs: (1) fees for filing and service of process, (2) reporters' transcripts, (3) depositions, (4) reproduction and exemplification, (5) witness expenses, (6) fees for masters and receivers, (7) costs on appeal, and (8) costs of bonds and security.

      Neither Civ. L.R. 54-3 nor 28 U.S.C. § 1920 provides a basis for many of the costs claimed by Akel, such as travel expenses or fees for the use of the court-call system.  The only

---

[2]  The claimed costs consist of expenses incurred by Akel for: (1) deposition of Barbara Coloton, $1,114.25; (2) Court Call, $41.20; (3) PACER costs, $65.92; (4) JAMS mediation, $750.00; (5) Pacific Research & Retrieval, Inc., $318.61; (6) Federal Express cost from Irma LeGrande $32.24; (7) flight to San Jose, $118.60; (8) flight to San Jose, $176.60; (9) flight to San Jose, $118.60; (10) flight to San Jose, $ 118.60; (11) flight to San Jose, $118.60; (12) Misc. Costs $250.00.

[3]  On May 1, 2007, the Court found the motion appropriate for resolution without oral argument.

costs sought by Akel that fall within the scope of section 1920 are printing costs ($149.10) and the costs of the deposition of Barbara Coloton ($1,114.25).  The Court concludes that even if these costs are taxable generally,[4] they should not be taxed in the instant case.

> Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case. Our requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs. Misconduct on the part of the prevailing party is one factor that might render a case "extraordinary." But it is not the only such factor.

*Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000).

Evergreen has prevailed on the bulk of its dispute with Synapsis, the company of which Akel served as President at the time that it brought suit against Evergreen.  Evergreen's counterclaim survived Synapsis' motion for summary judgment, and the Court concludes that Evergreen likely would have been able to proceed to trial against Akel absent Evergreen's voluntary dismissal.  Evergreen has provided evidence that it dismissed its counterclaim against Akel in significant part because it believed that Akel would not be able to pay any judgment against him and because of the costs to Evergreen resulting from Akel's conduct during the litigation.  *See* DeCarlo Decl. ¶ 2.  Evergreen has demonstrated, at other stages in the litigation, its willingness to avoid unreasonable expenses to itself and to Synapsis.  In light of these extraordinary circumstances, the Court concludes, in its discretion, that it would be inequitable to award Akel costs even assuming that he acted in subjective good faith.[5]  Accordingly, Akel's

---

[4] The costs for reproduction are not taxable without further detail, as the list of printing and exemplification expenses, which is included among a group of "miscellaneous" expenses, appears to include reproduction of formal discovery that can be taxed and reproduction of routine papers that may not be taxed. *See* Civ. L.R. 54-3(d)(2) ("The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable."); Civ. L.R. 54-3(d)(3) ("The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.").  The parties also dispute their respective responsibilities for the costs of the deposition of Barbara Coloton.  The present record is insufficient to allow the Court to determine the appropriate allocation of that cost.

[5] The Court notes that Evergreen has a colorable argument that Akel engaged in bad faith and misconduct during this litigation. However, the Court concludes that it cannot reach such a conclusion on the present record and that further argument regarding the conduct of the litigation

3

1  motion will be denied.

3  IT IS SO ORDERED.

5  DATED: August 30, 2007.

7  _____
   JEREMY FOGEL
   United States District Judge

---

26  would be unnecessarily burdensome both to the Court and to the parties.  The conduct
27  complained of by Evergreen may have been the result of Akel's lack of legal experience and his understandable determination to protect his legal rights.  However, the Court notes that Akel's
28  failure to stipulate to his dismissal from the action caused Evergreen to incur unnecessary costs and resulted in avoidable consumption of judicial resources.

4

1  This Order has been served upon the following persons:

| | |
|---|---|
| William Shibly Akel | wmakel@counterstrike.com |
| Daniel C. DeCarlo | decarlo@lbbslaw.com, kkim@lbbslaw.com; pink@lbbslaw.com; creyes@lbbslaw.com |
| Manuel Albert Martinez | MMartinez@steinlubin.com, msaephan@steinlubin.com |
| William Karl Mills | mills@pmmlaw.com, mills@pacbell.net |
| Jonathan S. Pink | pink@lbbslaw.com, creyes@lbbslaw.com |
| Michael Navid Radparvar | radparvar@lbbslaw.com, |
| Jeffrey F. Sax | jsax@saxlaw.net |

Case No. C 05-01524 JF (RS)
ORDER DENYING MOTION TO TAX COSTS
(JFLC1)